[No. 10,203.]

## EX PARTE AH PEEN.

TRIAL BY JURY.—The action of a police magistrate in committing a minor child to an industrial school for his training and reformation, does not amount to a criminal prosecution, nor to proceedings according to the course of the common law, and the minor therefore is not entitled to a trial by jury.

APPLICATION to the Supreme Court to be discharged on *habeas corpus.*

*Carroll, Cook & Adams,* for the Petitioner.

*District Attorney Murphy,* for the People.

By the COURT:

It appears by the return to the writ that in August last the police judge of the city and county of San Francisco, upon application and complaint made to him in that behalf by two citizens of the State, residents of the city and county, alleging that Ah Peen, the legality of whose detention is in question here, is a minor child, of the age of sixteen years, leading an idle and dissolute life in said city and county, and not subject to any parental control whatever— his parents being unknown—caused the said Ah Peen to be brought before him for examination touching the said several matters alleged, and that upon the appearance of the said minor child, the said several matters alleged were proven to be true in point of fact to the satisfaction of the police judge, who thereupon committed him to the custody of the authorities of the Industrial School, in accordance with the provisions of the act of April 15, 1858.

It is now claimed on the part of the minor that the proceedings resulting in his detention were contrary to the third section of Article I of the Constitution, which provides that the right of trial by jury shall be secured to all; and to the eighth section of the same article, which provides that no person shall be deprived of his liberty without due process of law.

It is obvious that these provisions of the Constitution

have no application whatever to the case of this minor child. The action of the police judge here in question did not amount to a criminal prosecution, nor to proceedings against the minor according to the course of the common law, in which the right of trial by jury is guaranteed. The purpose in view is not punishment for offenses done, but reformation and training of the child to habits of industry, with a view to his future usefulness when he shall have been reclaimed to society, or shall have attained his majority. Having been abandoned by his parents, the State, as *parens patriæ*, has succeeded to his control, and stands *in loco parentis* to him. The restraint imposed upon him by public authority is in its nature and purpose the same which, under other conditions, is habitually imposed by parents, guardians of the person, and others exercising supervision and control over the conduct of those who are by reason of infancy, lunacy, or otherwise, incapable of properly controlling themselves. (*Ex parte Crouse*, 4 Whart. 1; *Prescott* v. *The State of Ohio*, 19 Ohio, 184.)

It is, therefore, ordered that the said Ah Peen be, and he is hereby remanded to the custody of the Superintendent of the Industrial School, to be by him detained as directed in the warrant of the police judge of the city and county of San Francisco.