156

PAUL F. THOMPSON, plaintiff below, *v.* ELSE I. THOMPSON and GUSTAVE E. ZEPPE, defendants below.

*(January* 24, 1929.)

WOLCOTT, Chancellor, PENNEWILL, C. J., HARRINGTON, RICHARDS and RODNEY, J. J., sitting.

*Robert Adair* for plaintiff below.

*Philip L. Garrett* for defendants below.

Supreme Court, No. 5, October Term, 1928.

Certiorari to the Superior Court for New Castle County.

PER CURIAM: It is the contention of the plaintiff in the *certiorari* that neither the said court nor judge had jurisdiction to hear and determine the case above mentioned because exclusive jurisdiction of such cases is given to the Juvenile Court by *chapter 116 of the Revised Code of 1915, article 2.*

Code, section 3827 of said article 2, provides that the Juvenile Court "shall have sole and exclusive jurisdiction in all cases in the City of Wilmington [New Castle County] relating to children, including juvenile delinquents, truants, neglected, incorrigible and dependent children and all other cases where the custody or legal punishment of children is in question, but said court shall not have probate jurisdiction."

Section 3829 of said chapter defines what is meant by the terms "delinquent children" and "neglected children." It is clear from such definitions that the words mean a child who has done something wrong or is in a dangerous situation.

The only other words in the statute that might be thought to cover a case like the one before Judge Rice are these:

"And all other cases where the custody * * * of children is in question."

After a careful consideration of the entire statute, we are of the opinion that the sole and exclusive jurisdiction given to the Juvenile Court is in cases relating to children who appear to be neglected or dependent, within the meaning of the act, or who are delinquent or incorrigible, and because of their condition or situation need some proper punishment or restraint. The statute provides not only for a Court to hear cases relating to such children, but also a probation officer, and such court and officer have the

control of the custody of children covered by the act. It does not relate to the custody of a child involved in a civil action brought by one parent against the other, where the child has committed no wrong, and is in no danger physically or morally. To construe the words of the statute as giving to the Juvenile Court sole and exclusive jurisdiction in all cases relating to children in New Castle County, without any qualification, would deprive the civil courts of jurisdiction in cases relating to children that are too numerous to mention, a jurisdiction that has long been recognized, and the loss of which would be very surprising. The Court are of the opinion that the Resident Associate Judge of New Castle County had jurisdiction of the case presented to him in the *habeas corpus* proceedings above mentioned, and the writ of *certiorari* now before this court should be dismissed.

There is another feature of this case, which, while not going to the question of jurisdiction, does present an anomalous situation. The plaintiff in the *certiorari* not only chose the proceeding he would institute to recover the custody of his child, but selected the forum in which he would have the custody determined. Being disappointed or dissatisfied with the result of his action, he now asks this court to say that the forum he selected had no right to hear his case.