(137 So. 855)

## STATE ex rel. GRAHAM v. GRAHAM.
### No. 31409.

Nov. 3, 1931.

W. H. Scheen, of Shreveport, for appellant.
A. P. Garland, of Shreveport, for appellee.

ODOM, J.

On February 9, 1927, Mrs. Effie Graham was granted a divorce from her husband, J. J. Graham. Mrs. Graham was given the custody of the three minor children of the marriage, and J. J. Graham was ordered to pay to her $50 per month for the support of the children.

On June 8, 1931, J. J. Graham, the father of the children, who were still in the custody of the mother, made affidavit in the juvenile court of Caddo parish charging that the said Mrs. Graham was an unfit person to have the care and custody of the children, that she was contributing to their neglect, and asked that she be cited to appear and that the children be brought into court in order that it might be determined whether said children should remain in the custody of their mother.

Mrs. Graham excepted to the jurisdiction of the juvenile court on the ground that the district court, having awarded the custody of the children to her in the divorce proceeding, alone had jurisdiction to determine whether she should now be deprived of their custody.

This exception was overruled by the juvenile court, and Mrs. Graham appealed.

The court's ruling was correct. Act No. 119 of 1922, creating a juvenile court for the parish of Caddo, provides in section 5 that said court shall have jurisdiction "of the trial of all children under seventeen years of age who may be charged in said Court as neglected or delinquent children, *and of all persons charged with contributing to the neglect or delinquency of children* under the age of seventeen years," and in section 7 that "Whenever a child shall be found to be neglected within the meaning of this Act, the Court may permit [commit] it to the care of some State institution, or to some citizen of good moral character, or to some association or institution embracing, within its objects the care of neglected children." (Italics ours.)

The same provisions are contained in the Constitutions of 1913 (article 118, §§ 3, 4) and 1921 (article 7, § 52).

It is therefore clear that juvenile courts have jurisdiction to try all cases involving the neglect or delinquency of children under seventeen years of age, and that when such child or children are found to be neglected in the sense used in the act and the Constitutions, such child or children may be removed

by the court from the custody of the person contributing to its or their neglect and placed in the custody of another.

The fact that a district court has previously placed a child in the custody of one of the parents in a divorce proceeding does not vest that court with perpetual, exclusive jurisdiction to try all cases involving the welfare of such child. In a divorce suit, which is purely a civil proceeding, where there are children of the marriage, there may, and usually does, arise a controversy between the parents as to which is entitled to their custody, and the district judge has jurisdiction to determine which of the parents, or whether either of them, shall have custody of the children after the dissolution of the marriage. That is a controversy between the parents.

 But cases involving the neglect or delinquency of children are quasi criminal in their nature, in which cases the state is a party. In cases of neglect, the state acts for and on behalf of the child against either or both parents who may have it in custody, and this creates an issue between the state and the parent, of which issue the juvenile courts have jurisdiction under the express provisions of the Constitution and the statute. Brana v. Brana, 139 La. 305, 71 So. 519.

Judgment affirmed.