[No. 33578. Department Two. June 7, 1956.]

*In the Matter of the Welfare of* CHARLES PARKER; *Infant.*
THE STATE OF WASHINGTON, *on the Relation of George Par-*
*ker et al., Plaintiff,* v. EUGENE A. WRIGHT, *Judge of the*
*Superior Court for King County, Juvenile Court*
*Division, Respondent.*[1]

[1] Reported in 298 P. (2d) 520.

*Kane & Spellman,* for relators.

*Charles O. Carroll* and *Virginia S. Mueller,* for respondent.

WEAVER, J.—This matter is before us on a writ of certiorari directed to the trial court to certify a full and complete transcript of the records, judgment, and proceeding "with the intent that the Order of November 9, 1955, be reviewed by this court."

The order of November 9, 1955, found

"That it does not appear to the court that it would be for the best interests of the child, Charles Parker, to make the change requested by the petitioners . . ."

George Parker and Claire P. Parker, parents of Charles Parker, filed a petition November 7, 1955, to modify an order of June 6, 1955, which permanently deprived them of all parental rights over their minor child. Based on the finding, quoted above, the petition for modification was denied November 9, 1955.

In March, 1954, the superior court of San Francisco county, California, found that Charles Parker (born March 30, 1953) had been "on occasions physically mistreated" by his parents. He was declared a ward of the court, and his custody was given to a public agency which placed him in a foster home.

In August, 1954, relators took Charles from the foster home for a visit. Instead of returning him to the home, they took him to Oregon without permission or consent. The next month, relators moved to Seattle, where Mr. Parker obtained employment.

November 17, 1954, a petition, alleging Charles to be a dependent child, was filed in the superior court of King county. A petition for deprivation of custody was filed January 7, 1955; an amended petition was filed January 27, 1955.

As the result of a hearing held March 4, 1955, at which hearing numerous witnesses testified, the court entered an "Interim Order" April 7, 1955, which (a) found Charles to

be a dependent child within the meaning of the law; (b) placed him in the temporary custody of the Washington children's home society; and (c) continued, to September 23, 1955, further hearing on the petition for deprivation of parental rights,

" . . . to give the said parents an opportunity to re-examine the family situation and take certain corrective steps in relation thereto toward ameliorating the conditions alleged in the Deprivation Petition (Amended) on file herein, and for the taking of further testimony  . . ."

As permitted by the interim order, the relators requested an earlier hearing. It was held May 18, 1955, and further testimony was taken. Following the filing of a memorandum opinion, the trial court entered its order of June 6, 1955.

The court found:

"That the above-named child is a dependent child as defined in RCW 13.04.010 (6) (8) in that Charles Parker has no parent or guardian capable of exercising proper parental control, and in that his home by reason of the conduct of his parents is an unfit place for him by reason of the following facts:

"That said father has severely beaten and abused said child; that said mother has appeared unable to protect said child from such abusive treatment; that said parents have failed to follow medical advice with respect to said child and have neglected said child; that said mother has been diagnosed by a qualified psychiatrist as being psychotic; that both parents evidence emotional disturbance and instability;

"THE COURT FURTHER FINDS that the said parents, George and Claire P. Parker, are incapable of providing proper maintenance, training and education for Charles Parker and that the welfare of Charles Parker requires that its custody shall be taken from the said parents, George and Claire P. Parker, as provided in RCW 13.04.140.

"FURTHERMORE, IT APPEARING TO THE COURT that the welfare of said child requires the said child to be committed into the permanent custody of the WASHINGTON CHILDREN'S HOME SOCIETY, and that said Agency be authorized to consent to his adoption."

In the light of these findings, the court deprived relators of all parental rights, placed Charles in the permanent custody of the Washington children's home society, and authorized it to consent to his adoption.

July 1, 1955, a notice of appeal was filed, but no further steps appear to have been taken to review the order of June 6, 1955. (See *In re a Minor*, 39 Wn. (2d) 744, 749, 238 P. (2d) 914 (1951).)

Five months after the order of deprivation, November 7, 1955, relators filed their petition for modification, praying that permanent custody of their child be returned to them. The petition alleges (a) that relators have moved to Toledo, Oregon, where Mr. Parker is employed at a salary averaging more than five hundred dollars per month; that they maintain a home, with adequate room and pleasant surroundings, that is sufficient for the proper care of the child; that should the child be returned to them, they would agree to supervision and investigation by the juvenile authorities of Oregon to assure that the child had proper care. The petition is supported by Mr. Parker's affidavit.

The petition for modification was presented to the court on November 9, 1955. The relators did not appear; no witnesses testified. That portion of the statement of facts which reports the hearing of November 9th contains only argument and colloquy of counsel and the trial judge. The order of November 9, 1955, denies the petition for modification of the order of June 6, 1955. The writ of certiorari authorizes review of the order of November 9, 1955.

The entire proceeding is governed by the last sentence of RCW 13.04.110, which provides:

"The jurisdiction of the court shall continue over every child brought before the court, or committed pursuant to this title, and the court shall have power to order a change in the care or custody of the child, if at any time it is made to appear to the court that it would be for *the best interests of the child to make such change*." (Italics ours.)

Relators' assignments of error can be divided into two categories: first, those directed to the order of June 6, 1955; second, those directed to the order of November 9, 1955.

■ The best interest of the child is the primary consideration. The statute quoted *supra*, however, does not change the rules of procedure. The method and manner of seeking review in this court are set forth in our Rules on Appeal, 34A Wn. (2d) 14 *et seq*. A petition for modification, filed five months after the original order, is not an authorized means of reviewing the original order. Hence, we cannot consider relators' assignments of error directed to the order of June 6, 1955, and to the court's memorandum opinion supporting it.

■ So long as the child is dependent, he is subject to the continuing jurisdiction of the court, and the court will entertain a petition for the modification of the original decree or order. Such petition, however, and the evidence produced in support thereof must establish that, under the conditions *then existing*, it would be for the best interest of the child to make a change.

■ This, of necessity, requires that the court compare the facts upon which the order sought to be modified was based with the facts proved in support of the petition for modification.

Nothing would be gained by setting forth the detailed facts found in the trial court's memorandum opinion supporting the order of June 6, 1955. It is sufficient to say that they, together with the facts set forth in the order which we have quoted *supra*, support the conclusion that relators were, at that time, unfit parents.

■ For the purpose of this decision, we assume the truth of the facts alleged by relators in their petition for modification. We have carefully compared them with the facts supporting the order of June 6, 1955. The relators did not sustain the burden of proving that a change would be for the best interests of the child; nor have they sustained the burden of proving that they are now fit and proper persons to exercise parental control. The petition contains no reference to a change of those conditions which resulted in the order of June 6, 1955. Therefore, we cannot say that the trial court abused its discretion when it concluded

"That it does not appear to the court that it would be for the best interests of the child, Charles Parker, to make the change requested by the petitioners . . . ."

The order of November 9, 1955, is affirmed.

HAMLEY, C. J., MALLERY, HILL, and ROSELLINI, JJ., concur.