In the Matter of the Application by HARRY SHORT for a Writ of Habeas Corpus by and on Behalf of RAYMOND SHORT.

HARVEY DICKERSON, Attorney General of Nevada, Appellant, *v.* RAYMOND SHORT, a Child Under the Age of Eighteen Years, Respondent.

No. 4084

July 16, 1958.                    328 P.2d 299

*Harvey Dickerson,* Attorney General, of Carson City; *Grant Sawyer,* of Elko, Special Deputy Attorney General, for Appellant.

*Richards and Swanson,* of Reno, for Respondent.

## O P I N I O N

*Per Curiam:*

This is an appeal taken by the State through the Attorney General from an order of the Washoe County district court in habeas corpus discharging a minor from the custody of the juvenile officer of Washoe County.

On June 6, 1957 the juvenile division of the Elko district court entered an order committing Raymond Short, a child under the age of 18 years, to the Nevada School

of Industry in Elko. On December 1, 1957 the boy escaped from the school and fled to the home of his father, Harry Short, in Sparks, Washoe County. The Washoe County juvenile officer asserted authority over the boy on behalf of the Elko court and the School of Industry. The father secured a writ of habeas corpus from the district court of Washoe County. Hearing was had before the court below which, upon the basis of changed circumstances relating to the boy and to his home environment, ordered his discharge from custody of the juvenile officer and remanded him to the custody of his father. This appeal was then taken.

The Juvenile Court Act is found in ch. 62, NRS. With reference to proceedings under the act, sec. 62.040 provides "Except as otherwise provided in this chapter the [juvenile division] shall have exclusive original jurisdiction in proceedings." NRS 62.070 provides "When jurisdiction shall have been obtained by the [juvenile division] in the case of any child, the court shall retain jurisdiction of the child until it reaches the age of 21 years."

The State contends that its authority under the Juvenile Court Act, over a child found to fall within the purview of the act, is exercised exclusively by the juvenile division of the district court; that once such court has properly brought a child within State supervision under the act, and for so long as that court retains jurisdiction, no other court has power to take any action affecting the State's authority. In our view this is the proper construction to place upon the provisions of the act.

Respondent-petitioner directs our attention to the following language of NRS 62.040, "Nothing contained in this chapter shall deprive other courts of the right to determine the custody of children upon writs of habeas corpus, or to determine the custody or guardianship of children in divorce or domestic relations cases." It was

pursuant to this language that the court below entertained jurisdiction to remand the child to the custody of his father.

In our view this language cannot be construed to affect the authority of the State as granted by the act. It must be held to be confined to questions of custody or guardianship apart from the State's authority over the child. To construe the section otherwise would be to deprive the juvenile division of that jurisdiction which the act obviously intended it should have and have exclusively: the jurisdiction to make all determinations relating to the manner in which the State's authority should be exercised in the child's own best interests. State Ex Rel. Graham v. Graham, 173 La. 469, 137 So. 855; Thompson v. Thompson, 4 W.W.Harr. 156, 34 Del. 156, 145 A. 9.

Respondent contends that this is an unconstitutional infringement upon the writ of habeas corpus. This is not so. The writ remains unimpaired. If a child is not properly brought within the purview of the act the propriety of his detention may certainly be questioned by the writ. If he is properly brought within the purview of the act and is properly detained pursuant to the act, he is not entitled to discharge under habeas corpus.

The court below was, then, without authority to remand the child to the custody of his father and to discharge him from the custody of the juvenile officer of Washoe County. If changed conditions are felt to warrant a discharge from the Industrial School, application must be made to the juvenile division of the Elko district court which retains exclusive jurisdiction over the boy with respect to all such matters.

Reversed and remanded with instructions that the order of discharge be set aside and that Raymond Short be remanded to the custody of the juvenile officer of Washoe County.