16 Cal.App.3d 310 (1971)
94 Cal. Rptr. 186
In re TITO FRANCECISCO, a Person Coming Under the Juvenile Court Law.
ALBERTA ESTES, Plaintiff and Appellant,
v.
DEPARTMENT OF PUBLIC SOCIAL SERVICES, Defendant and Respondent.
Docket No. 37476.
Court of Appeals of California, Second District, Division One.
March 29, 1971.
*312 COUNSEL
Ames & Lane and Carl J. Lane for Plaintiff and Appellant.
John D. Maharg, County Counsel, and Harold S. Vites, Deputy County Counsel, for Defendant and Respondent.
OPINION
LILLIE, J.
On April 6, 1964, the minor was adjudged a dependent child of the court under section 600, subdivisions (a) and (b), Welfare and Institutions Code, and placed in a foster home until the cause was dismissed on March 1, 1965, at which time he was returned to his mother, *313 appellant. On June 7, 1967, the minor was again declared a dependent child under section 600, subdivision (a), and thereafter suitably placed through the Department of Public Social Services and under its supervision with his father. Thereafter in 1968 the minor's dependency status was renewed and all visitation rights of appellant were canceled; in 1969 renewal of dependency status was again effected and on August 26, 1969, limited visitation rights were restored to appellant and the matter continued to June 9, 1970. On June 9, the cause again came before the court for review and renewal of dependency status. After taking testimony and considering the report of the social worker, the judge ordered that the minor remain under the jurisdiction of the juvenile court as a dependent child in the home of the father under supervision of the Department of Public Social Services and visitation by appellant be controlled, and left the matter open for modification of the order if conditions change. She appeals from the order claiming, as in the court below, that the juvenile court could not retain jurisdiction over the minor pursuant to section 600, subdivision (a), because the evidence establishes that at least one, if not both natural parents are capable of exercising effective parental care and control over him.
The argument is not persuasive legally or factually. At the conclusion of the hearing the court expressly found that the minor's "best interests and welfare requires that he is going to remain as placed with the father ... under the supervision of the Department of Public Social Services." The import of appellant's argument is that since the minor's father is capable of and is exercising effective parental care and control over him, the juvenile court lost jurisdiction and "is erroneously deciding the matter of child custody between the natural parents."
(1a) Jurisdiction of the juvenile court extends to a person under 21 years of age who comes within certain specified descriptions. (In re Schubert, 153 Cal. App.2d 138, 142 [313 P.2d 968].) (2) At the original hearing petitioner has the burden of establishing facts upon which jurisdiction rests. On June 7, 1967, at the original hearing, the jurisdictional facts were established under the petition (§ 701, Welf. & Inst. Code) and the court determined that the minor came under the provisions of subdivision (a), section 600, Welfare and Institutions Code,[1] declared him *314 to be a dependent child thereunder, and placed him in the home of his father under the supervision of the Department of Public Social Services. Such proceedings, however, are not a part of the record before us and in the absence of any showing to the contrary we presume that they were regular and a proper showing was made to sustain the jurisdiction of the juvenile court and its determination in the matter. (People v. Sanchez, 21 Cal.2d 466, 469 [132 P.2d 810].) (1b) Thus, in June 1967, the juvenile court having properly asserted its jurisdiction the minor became subject thereto; and the court's jurisdiction continues until he reaches 21 years of age or until the juvenile court becomes convinced on the evidence that the protection of the minor no longer requires supervision (Slevats v. Feustal, 213 Cal. App.2d 113, 117 [28 Cal. Rptr. 517]) at which time it is the duty of the juvenile court to dismiss the proceedings. (In re Syson, 184 Cal. App.2d 111, 117 [7 Cal. Rptr. 298].) (3) Thus, each year since 1967, the matter came before the court on a review and renewal of dependency status for a determination whether further supervision of the minor was necessary or advisable. On these subsequent hearings the burden was on the person seeking a termination of the court's jurisdiction "to show cause, if [he has] cause, why the jurisdiction of the court over the minor should be terminated." (§ 729, Welf. & Inst. Code; In re Robinson, 8 Cal. App.3d 783, 786 [87 Cal. Rptr. 678].) (4) Thus in the status renewal hearing of June 9, 1970, appellant had the burden of proof which was not satisfied by a mere showing that the minor has a parent capable of exercising effective parental care and control over him. While it was necessary at the original hearing in June 1967 to show that the minor had no parent or guardian willing to exercise or capable of exercising such care or control in order to invoke the jurisdiction of the juvenile court, continuing jurisdiction over the minor is not dependent solely on whether a parent is capable of exercising proper and effective parental control over him but on whether the best interest of the child is served by freeing him from further supervision. (In re Syson, 184 Cal. App.2d 111, 116 [7 Cal. Rptr. 298]; In re Adele L., 267 Cal. App.2d 397, 406 [73 Cal. Rptr. 76].)
(5) It is clear that appellant may not at a dependency status renewal hearing relitigate the original issue of jurisdiction, and that the juvenile court did not lose jurisdiction merely because the natural father is exercising care and control over the minor under the supervision of the Department of Public Social Services. He does not have unrestrained care and control of the minor as in a normal parent-child relationship for the Department of Public Social Services provides continuing supervision over both minor and parent. Actually the minor's placement with his father is of a tenuous nature for, as reported by the social worker, "the father is well aware that if there is any adverse difficulty arising that he has been warned *315 that there be [sic] an order for suitable placement requested by the Department...."
(6) Thus the second issue arises  whether appellant proved to the satisfaction of the juvenile court that the protection of the minor no longer requires its supervision. The judge found that she did not and that it was in the best interests of the minor that he remain under the supervision of the juvenile court. We conclude that the finding is supported by the evidence. Background information shows that appellant and the father were never married and that originally appellant's mother was unalterably opposed to the latter and appellant's relationship with him. However, it now develops that appellant's mother has taken an active interest in the minor and she and other maternal relatives have created a great deal of confusion in the child's mind by exerting pressures on him. It is the opinion of the social worker that if dependency is discontinued further difficulties would be encountered since the minor is being harassed and pressured by appellant's relatives; she also testified that the minor loves both parents, although he prefers to live with his father and he is progressing in his father's home and is no longer a behavior problem. While the father is willing and apparently capable of exercising the proper care and control of the minor under the supervision of the Department of Public Social Services, and appellant claims she has established that she, too, is capable of doing so, the court determined under the circumstances that the time had not yet arrived for the minor to live with either parent without supervision of the court. Appellant is now married and the mother of two smaller children. Apparently the judge considered, among other factors, the difficulties arising out of the efforts of appellant's relatives to influence the minor, that a step-father is in the home, how much time appellant could devote to the minor, how a change of environment might affect him at this particular time, and whether the child's best interests would be served by terminating dependency and removing him from the watchful eye of the social worker. There is manifest in the record before us no abuse of the court's discretion.
The order is affirmed.
Wood, P.J., and Thompson, J., concurred.
NOTES
[1] Section 600, Welfare and Institutions Code provides: "Any person under the age of 21 years who comes within any of the following descriptions is within the jurisdiction of the juvenile court which may adjudge such person to be a dependent child of the court:

"(a) Who is in need of proper and effective parental care or control and has no parent or guardian, or has no parent or guardian willing to exercise or capable of exercising such care or control, or has no parent or guardian actually exercising such care or control."