THE STATE OF NEVADA, Appellant, *v.* BILL ................
AND MURIEL ................, His Wife,* Respondents.

No. 7400

April 30, 1975                    534 P.2d 1264

*Robert List,* Attorney General, and *Robert E. Holland,* Deputy Attorney General, Carson City, for Appellant.

*James A. Callahan,* of Winnemucca, for Respondents.

*This court follows the policy of omitting names or identifying features in a juvenile or adoption matter. This is deemed to be in the best interests of the child.

## OPINION

By the Court, BATJER, J.:

The subject of this action is a foundling child who was abandoned in a garbage container in Battle Mountain, Lander County, Nevada.

On September 8, 1972, the Third Judicial District Court, which encompasses Lander County, ordered that the juvenile master of Lander County be granted the physical care, custody and control of the child along with the power to make "such provisions for said child as its best interests shall indicate." The order further stated that care, custody and control of the child "be assigned to the Nevada State Welfare Department [welfare division of the department of health, welfare and rehabilitation] for the benefit of the above minor child."

On September 11, 1972, the child was placed in the home of the respondents who reside in Winnemucca, Humboldt County, Nevada, which is located within the Sixth Judicial District. They operated a licensed foster home and the child was placed with them as a foster child.

On April 30, 1973, they petitioned the Sixth Judicial District Court for permission to adopt the child. The Honorable Llewellyn Young, District Judge, by restraining order, directed the welfare division of the department of health, welfare and rehabilitation (now department of human resources) to cease its efforts to remove the child from the foster home.[1]

The welfare division asserts on appeal that the Sixth Judicial District Court is without jurisdiction to entertain the petition on adoption on the ground that NRS 62.040, NRS 62.070 and Dickerson v. Short, 74 Nev. 250, 328 P.2d 299 (1959),

---

[1]Prior to filing the petition the foster parents had attempted to apply for adoption of the child with the Welfare Division office in Winnemucca, but were refused. Since then the foster parents have filed a petition for termination of parental rights of the child's natural parents, which was so ordered. A petition for Letters of Guardianship was filed and the publication of Notice was ordered and published.

estop that district court from entertaining an adoption matter that arose from another county and district court, to wit, Lander County, Third Judicial District. We do not agree.

Nevada's Juvenile Court Act specifically enumerates in NRS 62.040[2] when a district court sitting as a juvenile court has exclusive and original jurisdiction. One of those instances of jurisdiction is the abandonment of a child, who is then deemed "neglected" in the parlance of the Juvenile Act. Our legislature has been equally explicit in providing the district courts with original jurisdiction in adoption proceedings. NRS 127.010.[3]

Appellant's argument that NRS 62.070[4] prevents another court from wresting jurisdiction over the child from the juvenile court is correct only as to the particular instance of jurisdiction, i.e., neglect, originally asserted in the juvenile court. The ruling in *Dickerson,* supra, is not dispositive of the issue we now consider, for in that case a district court in Washoe County made an order inconsistent with a prior order of a district court in Elko County, and therein asserted the same jurisdictional grounds already asserted in Elko County. Here, the jurisdictional grounds for the adoption proceedings in Humboldt County are entirely different from those claimed in the Lander County Juvenile Court proceedings. The Juvenile Court Act's grant of exclusive and original jurisdiction is limited and does not preclude other state courts from exercising their statutorily authorized jurisdiction. Anderson v. Anderson, 416 P.2d 308 (Utah 1966). The prospective parents' petition for adoption effectively invoked the jurisdiction of the Sixth Judicial District Court.

Appellant further challenges the Sixth Judicial District Court's jurisdiction as a derogation of the function of the welfare division as an adoption agency and as custodian of a

---

[2]NRS 62.040: "1. Except as otherwise provided in this chapter, the court shall have exclusive original jurisdiction in proceedings:

"(a) Concerning any child living or found within the county who is neglected because:

"(1) He has been abandoned by his parents, guardian, or other custodian."

[3]NRS 127.010: "The district courts of this state shall have original jurisdiction in adoption proceedings."

[4]NRS 62.070: "When jurisdiction shall have been obtained by the court in the case of any child, the court may retain jurisdiction of the child until it reaches the age of 21 years."

278

juvenile. See NRS 62.200(1)(b) and NRS 127.051. The adoption statutes do not support the department's claim that adoption proceedings are the exclusive province of the welfare division.

Nevada law provides that any two married persons, among others, may petition the district court to adopt a child. NRS 127.030.[5] After receiving notice and a copy of such petition, it is then the province of the welfare division to verify the allegations of the petition and complete a background investigation of both the prospective parents and the child. NRS 127.120.[6] After the welfare division's findings and recommendation as to the adoption are weighed by the court against the allegations of the petition, the court makes a final decision on the adoption. NRS 127.150.[7] The role of the welfare division is one of advisor to the court, not decision maker.

---

[5]NRS 127.030: "Any adult person or any two persons married to each other may petition the district court of any county in this state for leave to adopt a child. The petition by a person having a husband or wife shall not be granted unless the husband or wife consents thereto and joins therein."

[6]NRS 127.120: "1. A petition for adoption of a child shall be filed in duplicate with the county clerk. The county clerk shall send one copy of the petition to the welfare division of the department of human resources, which shall make an investigation and report as hereinafter provided. If one petitioner or the spouse of a petitioner is related to the child within the third degree of consanguinity, the court may, in its discretion, waive the investigation by the welfare division.

"2. The welfare division of a licensed child-placing agency authorized to do so by the court shall verify the allegations of the petition and investigate the condition and the antecedents of the child and make proper inquiry to determine whether the proposed adopting parents are suitable for the minor. The welfare division or the designated agency shall, prior to the date on which the child shall have lived for a period of 6 months in the home of the petitioners or within 30 days after receiving the copy of the petition for adoption, whichever date is later, submit to the court a full written report of its findings, which shall contain a specific recommendation for or against approval of the petition, and shall furnish to the court any other information regarding the child or proposed home which the court may require. The court, on good cause shown, may extend the time, designating a time certain, within which to submit a report.

"3. If the court is dissatisfied with the report submitted by the welfare division, the court may order an independent investigation to be conducted and a report submitted by such agency or person as the court may select. The costs of such investigation and report may be assessed against the petitioner or charged against the county wherein the adoption proceeding is pending."

[7]NRS 127.150: "1. If the court finds that the best interests of the child warrant the granting of the petition, an order or decree of adoption shall be made and filed, ordering that henceforth the child shall be

Other issues respecting the merits of the adoption proceeding are not properly before this court, either by way of appeal from the preliminary injunction, or by means of the parties' joint stipulation that this matter be considered a petition for writ of prohibition. See NRS 34.320 to 34.350.

Affirmed and the matter is remanded to the Sixth Judicial District Court for further proceedings on the adoption petition.

GUNDERSON, C. J., and ZENOFF, MOWBRAY, and THOMPSON, JJ., concur.

the child of the petitioners. In the decree the court may change the name of the child, if desired. No order or decree of adoption shall be made until after the child shall have lived for a period of 6 months in the home of the petitioners.

"2.   If the court is not satisfied that the proposed adoption is in the best interests of the child, the court shall deny the petition and may order the child returned to the custody of the person or agency legally vested with custody."