[No. 4623-1-III.  Division Three.  April 20, 1982.]

In the Matter of the Marriage of JANICE P. PERRY,
Appellant, and NORMAN C. PERRY,
Respondent.

Debi Perluss, Norman R. McNulty, Jr., and Joseph Valente of Spokane Legal Services Center, for appellant.

Norman C. Perry, pro se.

Kenneth O. Eikenberry, Attorney General, and Jeffrey D. Stier, Assistant, amici curiae.

GREEN, J.—Petitioner, Janice Shackleford (the former Mrs. Perry), appeals from an order modifying a custody decree in a dissolution proceeding awarding custody of a

minor child to the father, Norman Perry.

The primary issue is whether the Superior Court had the authority to proceed with the modification proceeding while a dependency action involving the child was pending in juvenile court.

The marriage between Janice Shackleford and Norman Perry was terminated by dissolution decree on May 1, 1975. Custody of their minor child, then about 2 years of age, was awarded to the mother with restricted visitation by the father—"only in the presence of a third party when respondent is sober".

On February 28, 1979, Mr. Perry moved for modification of the custody provisions of the decree, alleging a substantial change in circumstances and seeking custody of the child. An adequate cause hearing was set for March 8. Two days before this hearing, a dependency petition was filed in juvenile court by the Department of Social and Health Services. The Superior Court found adequate cause existed for the modification hearing, but ordered the hearing be continued for trial setting until after the juvenile court dependency matter was settled. On May 29, the child was adjudicated a dependent ward of the Spokane County Juvenile Court and on August 16 was placed in the physical custody of his father, Mr. Perry, pursuant to a juvenile court dispositional order. On January 29, 1980, the juvenile court commissioner entered an order which, according to Mrs. Shackleford's brief, stated:

> Concurrent jurisdiction over this matter shall be transferred to the Civil Division of the Spokane County Superior Court in order that Norman C. Perry may proceed with his motion for modification of his decree of dissolution re: the custody of Mark Perry.

A motion to dismiss the modification proceeding for lack of jurisdiction was denied. The modification hearing resulted in an order entered October 17, 1980, changing custody of the child from Mrs. Shackleford to Mr. Perry. On November 13, Mrs. Shackleford filed an appeal from this order. On November 25, the juvenile court, according to

Mrs. Shackleford's brief, terminated its jurisdiction over the minor child.

Mrs. Shackleford contends because the juvenile court has exclusive original jurisdiction over all proceedings relating to dependent children, it erroneously relinquished its jurisdiction to the Superior Court to proceed with the modification hearing and, therefore, the Superior Court did not have authority to modify the custody provisions of the decree. Mrs. Shackleford relies upon RCW 13.04.030.[1] We disagree. RCW 13.04.030 states:

> The juvenile courts in the several counties of this state, shall have *exclusive original jurisdiction* over all proceedings:
>
> . . .
>
> (2) relating to children alleged or found to be dependent . . .

(Italics ours.) Const. art. 4, § 6 provides:

> The superior court shall have original jurisdiction . . . of all matters . . . of divorce, . . . and of all proceedings in which jurisdiction shall not have been by law vested exclusively in some other court; . . .

These enactments must be considered in light of RCW 26.09.180–.190 which provides that child custody proceedings be commenced in superior court, and decided in accordance with the best interests of the child.

Under the predecessor to RCW 13.04.030, see footnote 1, it was held that the legislature did not intend to establish a juvenile court separate and distinct from the superior court or purport to vest "exclusive jurisdiction" of dependent children in any forum other than the superior court. *Dil-*

---

[1]The predecessor to this statute read as follows:

"The superior courts in the several counties of this state shall have original jurisdiction in all cases coming within the terms of this [chapter] . . . the judges of the superior court shall, at such times as they may determine, designate one or more of their number whose duty it shall be to hear all cases arising under this [chapter]. A special session to be designated as the 'Juvenile Court Session' shall be provided for the hearing of such cases and the findings of the court shall be entered in a book or books kept for the purpose, and known as the 'Juvenile Record,' and the court may, for convenience, be called the 'Juvenile Court.'" Laws of 1913, ch. 160, § 2, p. 522.

*lenburg v. Maxwell,* 70 Wn.2d 331, 413 P.2d 940 (1966), *modified on reh'g,* 70 Wn.2d 349, 422 P.2d 783 (1967). In *State ex rel. Walker v. Superior Court,* 43 Wn.2d 710, 714, 263 P.2d 956 (1953), the court elaborated upon the relationship between the juvenile and superior courts. There, a divorce occurred at a time when the parties' two children had been declared dependent and were wards of the juvenile court. The Superior Court declined to decide custody in the divorce action, except to state that the children would remain in the custody of the juvenile court until further order of that court. The court, in *Walker, supra,* on appeal from a disposition by the juvenile court, stated, at page 714:

[I]n view of the circumstances apparently facing the divorce court at the time of the Walker divorce decree, any order it might have made would have been a conditional one, pending or subject to termination of the dependency status of the children. Furthermore, any such order of the divorce court awarding custody to one parent would necessarily have been based upon circumstances existing at the time of the order. Such circumstances, conceivably, might change significantly with the passage of time before termination of the status of dependency. Considering these aspects of the problem, it might be argued fairly convincingly that, *in the case at bar, the divorce court followed the better practice* in not deciding the matter of permanent custody as an abstract legal question between the parents, in not entering an ineffectual, futile order, and in postponing any decision as to custody (other than the order actually made by the court) until after termination of the dependency status of the children, at which time a decision by the divorce court could be effective and considerably more realistic.

(Some italics ours.) It was in the background of *Walker* and other similar decisions, *see In re Boatman,* 73 Wn.2d 364, 438 P.2d 600 (1968); *State ex rel. Parker v. Wright,* 49 Wn.2d 104, 298 P.2d 520 (1956); *State v. Speer,* 36 Wn.2d 15, 216 P.2d 203 (1950), that the legislature amended RCW 13.04.030 to provide "exclusive original jurisdiction" in the juvenile court of matters of dependency.

■ Considering these authorities, we think the legislature adopted the view in *Walker* and intended to provide that matters of dependency should be handled exclusively and originally by the juvenile court and that the superior court defer determination of custody as between the parents in a dissolution proceeding until the juvenile court has made a determination of the dependency matter. Further, the orders entered by the superior court in dissolution actions relating to custody were intended to be suspended pending such disposition. This interpretation coincides with decisions involving similar constitutions and statutes in other states. *In re Short,* 74 Nev. 250, 328 P.2d 299 (1958); *Marmino v. Marmino,* 34 Tenn. App. 352, 238 S.W.2d 105 (1950); *Children's Home v. Fetter,* 90 Ohio St. 110, 106 N.E. 761 (1914); *People ex rel. Lucke v. County Court,* 109 Colo. 447, 126 P.2d 334 (1942); *Ross v. Ross,* 89 Colo. 536, 5 P.2d 246, 78 A.L.R. 313 (1931); *Syson v. Rogers,* 184 Cal. App. 2d 111, 7 Cal. Rptr. 298 (1960).

Here, the juvenile court, finding the child to be dependent in relation to the mother who had legal custody, placed the child in the custody of the father and then transferred the matter to the superior court for determination of the father's motion to modify the divorce decree. When the motion to modify was granted, changing legal custody to the father, the dependency proceeding was dismissed. Although the parties have not provided us with the record of the dependency proceeding, it is apparent the juvenile court transferred the matter to superior court for determination of the petition to modify so that in the event legal custody were granted to the father, the dependency could be terminated. We find the superior court had authority to proceed with Mr. Perry's petition to modify.

During this appeal it has been brought to our attention by counsel that another dependency action has been commenced by the Department of Social and Health Services and the child has been declared dependent as to the father and is in the physical custody of Mrs. Shackleford. In view of this development, the order granting modification is sus-

pended and the modification is remanded for reconsideration at such time as the juvenile court terminates its jurisdiction. In light of this conclusion, we do not reach the other issues raised by Mrs. Shackleford.

Affirmed; but remanded.

McINTURFF, C.J., and MUNSON, J., concur.