IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | |
|---|---|
| In re the Custody of: ) | No. 33132-6-III |
| ) | |
| M.S., I.S., and R.S.,[†] ) | |
| ) | |
| Children, ) | |
| ) | |
| TRACY CRISWELL, ) | UNPUBLISHED OPINION |
| ) | |
| Petitioner, ) | |
| ) | |
| DCFS, ) | |
| ) | |
| Respondent. ) | |

LAWRENCE-BERREY, J. — Tracy Criswell appeals the superior court's order

dismissing her petition for nonparental custody of her three grandchildren. She argues the

superior court made multiple errors and improperly found that she had not established

adequate cause for a hearing on the merits. We affirm on an alternative basis argued

below and on appeal: the superior court did not have authority to hear the nonparental

custody petition because there was a pending dependency action involving these children,

---

[†] For purposes of this opinion, the minor children's initials are used in place of their names.

and there is no record that the dependency court ever granted the superior court concurrent jurisdiction.

## FACTS

The Department of Social and Health Services, Division of Children & Family Services (Department) removed M.S., I.S., and R.S. from their mother's care in July 2012. The dependency court later found the children to be dependent. Early on in the dependency, Ms. Criswell, the children's maternal grandmother, asked the Department to place the children with her in California.

With Ms. Criswell's permission, the Department requested records from Butte County Children's Services in California (California Department). Those records revealed that Ms. Criswell, who has legal custody of a previous boyfriend's two grandchildren, was involved in a domestic violence incident with her new boyfriend in March 2013. The incident involved alcohol and marijuana, and the children were present. The police arrested Ms. Criswell and her boyfriend, and the Department detained the children. The California Department investigated Ms. Criswell for allegations of emotional abuse and general neglect of the two children, and determined that those allegations were substantiated. In the year leading up to this incident, the police responded to Ms. Criswell's home 16 times for calls involving domestic violence, noise

2

complaints, welfare checks, neighbor disputes, vandalism, and public intoxication. Ms. Criswell successfully participated in domestic violence counseling, substance abuse treatment, counseling, and parent education in California, and the California Department returned the two children to her care after two months.

In light of the information contained in the California records, the Department was unable to approve a home study for Ms. Criswell or place M.S., I.S., and R.S. in her care. After several other placements, the Department eventually placed all three children in the same licensed foster care home in January 2013. The children all have behavioral or developmental issues, and the foster parents regularly take the children to counseling, have support systems and programs in place through their church, and have a paraprofessional who provides additional support and supervision.

The Department offered services to both biological parents. The parents did not complete services or remedy their parental deficiencies, and they both relinquished their parental rights in May 2014. The foster parents are willing to adopt the children. A contract issue with the Department home study evaluator held up the home study process, but the foster parents and the Department are working to get a home study done.

No. 33132-6-III
*In re Custody of M.S., I.S., and R.S.*

In December 2014, Ms. Criswell filed a pro se petition for nonparental custody of the three children. In her petition, Ms. Criswell alleged that awarding her custody of the children would be in their best interests because they would be able to

> be with the family they grew up with. At one time I had all five children living in my home and I would really love to see us as a hole [sic] again. I also believe they belong with family who loves them dearly and not strangers. They deserve to know their blood relatives.

Clerk's Papers (CP) at 10. Ms. Criswell later filed a handwritten affidavit in support of her petition, in which she testified that "[t]he reports regarding [the California step-children], yes they are true but they were returned back in my care after only being detained for two months." CP at 66. Ms. Criswell also stated that since her involvement with the California Department in 2013, she has attended counseling, parenting classes, and has been sober for two years.

After Ms. Criswell petitioned for custody, the dependency court appointed Janelle Carman to represent the children. Ms. Carman opposed Ms. Criswell's petition in light of her history with the California Department and the fact that the children are stable in their current placement. The Department moved to dismiss Ms. Criswell's petition on the grounds that the superior court did not have the authority to hear it, and argued the dependency court had exclusive jurisdiction.

4

The superior court held a hearing on Ms. Criswell's petition. The court reviewed the pleadings and dismissed Ms. Criswell's petition on the grounds that her affidavits did not establish adequate cause to require a hearing on the merits. In dismissing Ms. Criswell's petition, the court noted the California Department's substantiated findings of emotional abuse and neglect. The superior court did not address the Department's argument that it lacked authority to hear Ms. Criswell's petition. The superior court then sealed the file associated with Ms. Criswell's petition, except as to the parties to the dependency case.[1] Ms. Criswell appeals.

## ANALYSIS

The Department argued below and on appeal that the superior court lacked authority to hear Ms. Criswell's petition because there was a pending dependency proceeding and the dependency court never granted concurrent jurisdiction to the superior court. Where an issue was raised, briefed, and argued by the parties below but not decided by the trial court, and the parties on appeal have had sufficient opportunity to brief the issue, an appellate court may affirm the trial court on that alternative basis. *LK*

---

[1] In her brief, Ms. Criswell notes that the clerk's office initially denied her access to the court file, but that she was eventually able to access the full record by September 2015. Br. of Appellant at 4. This court gave Ms. Criswell two extensions to file her opening brief, which she eventually filed on November 6, 2015. There is no indication that the sealed file hindered Ms. Criswell's ability to argue her case on appeal.

*Operating, LLC v. Collection Grp., LLC*, 181 Wn.2d 48, 70-71, 331 P.3d 1147 (2014).

To the extent the meaning of chapter 26.10 RCW and chapter 13.34 RCW are at issue,

statutory interpretation is a question of law reviewed de novo. *State v. Gonzalez*, 168

Wn.2d 256, 263, 226 P.3d 131 (2010).

The legislature has enacted numerous statutes to distribute and assign various

superior court matters to dependency courts and family courts, which are both divisions of

the superior court.[2] *In re Dependency of E.H.*, 158 Wn. App. 757, 765, 243 P.3d 160

(2010). One of these statutes, RCW 13.04.030(1), provides that "the [dependency] courts

in this state shall have exclusive original jurisdiction over all proceedings . . . [r]elating to

children alleged or found to be dependent as provided in chapter 26.44 RCW and in

RCW 13.34.030 through 13.34.161."

RCW 26.10.030(1) permits a nonparent to petition for custody of a child. That

statute provides that "[e]*xcept as authorized for proceedings brought under chapter 13.34

RCW*, . . . a child custody proceeding is commenced in the superior court by a person

other than a parent, by filing a petition seeking custody of the child." RCW 26.10.030(1)

---

[2] "While these statutes often speak of 'jurisdiction' they are not jurisdictional because they are not the source of the superior courts' power to hear and determine the issues before them." *E.H.*, 158 Wn. App. at 765. "Article IV, section 6 of the state constitution is the source of that power." *Id.*

(emphasis added). RCW 13.34.155(1) authorizes the dependency court hearing a dependency action to hear nonparental custody petitions.

Partly to prevent multiple courts from entering inconsistent orders, the superior court must determine whether the subject children are involved in a pending dependency action before hearing a nonparental custody petition. *See* RCW 26.10.030(1). If they are, and unless the dependency court grants concurrent jurisdiction to the superior court, the superior court must either dismiss or stay the nonparental custody petition. *See E.H.*, 158 Wn. App. at 764 (dependency court did not err by granting concurrent jurisdiction to the superior court to hear the nonparental custody action); *In re Dependency of J.W.H.*, 106 Wn. App. 714, 726-27, 24 P.3d 1105 (2001) (superior court correctly stayed the custody action pending resolution of the dependency proceeding), *rev'd on other grounds*, 147 Wn.2d 687, 57 P.3d 266 (2002); *In re Marriage of Rich*, 80 Wn. App. 252, 256, 907 P.2d 1234 (1996) (superior court had authority to enter final parenting plan in dissolution proceeding because dependency court had already dismissed dependency petition); *In re Marriage of Perry*, 31 Wn. App. 604, 608, 644 P.2d 142 (1982) (superior court had authority to proceed with postdivorce custody modification after dependency court expressly granted superior court concurrent jurisdiction).

7

No. 33132-6-III
*In re Custody of M.S., I.S., and R.S.*

Here, there was a pending dependency involving the subject children, and there is no record that the dependency court ever granted the superior court concurrent jurisdiction. The superior court thus did not have authority to hear the nonparental custody petition. Because the superior court lacked the authority to hear the nonparental custody petition, we do not reach Ms. Criswell's other assignments of error relating to the superior court proceedings.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Lawrence-Berrey, J.

WE CONCUR:

Fearing, C.J.

Pennell, J.

8