**FILED**
**AUGUST 9, 2018**
**In the Office of the Clerk of Court**
**WA State Court of Appeals, Division III**



IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Custody of | ) | No. 35160-2-III |
| | ) | |
| R.S. and E.S.,[†] | ) | |
| | ) | |
| Children. | ) | |
| | ) | |
| | ) | |
| REBECCA BANGARD and JAMES BANGARD, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellants, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| BORIS SHVED and OLGA SHVED, | ) | |
| | ) | |
| Respondents. | ) | |

PENNELL, J. — Rebecca and James Bangard appeal the dismissal of their

nonparental custody petition. We affirm.

---

[†] To protect the privacy interests of R.S. and E.S., minors, we identify them only through the use of initials. General Order of Division III, *In Re the Use of Initials or Pseudonyms for Child Victims or Child Witnesses* (Wash. Ct. App. June 18, 2012), http://www.courts.wa.gov/appellate_trial_courts/?fa=atc.genorders_orddisp&ordnumber=2012_001&div=III.

FACTS

R.S. and E.S. lived with foster parents James and Rebecca Bangard beginning in 2007 after a dependency action was initiated against the children's parents, Olga and Boris Shved. In November 2016, the dependency court found the Shveds were fit parents, terminated the foster placement, and ordered the children returned home. Prior to issuance of the dependency court's order, the Bangards filed a nonparental custody petition in Franklin County Superior Court. The Shveds successfully moved to dismiss. Among other things, the superior court found that the Bangards had failed to establish jurisdiction. The Bangards appeal.

ANALYSIS

Juvenile courts have "exclusive original jurisdiction over *all* proceedings . . . [r]elating to children alleged or found to be dependent." RCW 13.04.030(1) (emphasis added). Although child custody proceedings are typically adjudicated outside of a superior court's juvenile division, there is an exception for petitions filed during the pendency of a dependency. RCW 26.10.030(1); RCW 13.34.155(1). Accordingly, a superior court judge faced with a third party custody petition is obliged to determine whether the subject children are involved in a dependency action. *See* RCW 26.10.030(1). If they are, the superior court must either dismiss or stay the petition unless

granted concurrent jurisdiction by the juvenile court. *See In re Dependency of E.H.*, 158 Wn. App. 757, 765-66, 243 P.3d 160 (2010); *In re Dependency of J.W.H.*, 106 Wn. App. 714, 726-27, 24 P.3d 1105 (2001), *rev'd on other grounds*, 147 Wn.2d 687, 57 P.3d 266 (2002); *In re Marriage of Rich*, 80 Wn. App. 252, 256, 907 P.2d 1234 (1996); *In re Marriage of Perry*, 31 Wn. App. 604, 608, 644 P.2d 142 (1982).

Because a dependency petition was pending at the time the Bangards' filed their third party custody petition, the ability of the family court to hear the case turned on whether the juvenile court had authorized concurrent jurisdiction. The Bangards acknowledge that the juvenile court never issued a specific order granting concurrent jurisdiction. Nevertheless, the Bangards contend jurisdiction was conferred by operation of local rule. Specifically, the Benton/Franklin Counties Superior Court Local Civil Rules (LCR) state, "*Jurisdiction*. All cases filed under Title 26 RCW shall be transferred to the Family Court for adjudication." LCR 94.04W(a)(1). The Bangards argue this rule expressly provided concurrent jurisdiction to the family court to hear the petition because it was filed under RCW 26.10.030.

We disagree with the Bangards' reading of the local rule. LCR 94.04W does not expressly mention concurrent jurisdiction or dependency proceedings. Had the local rule been intended to address the statutory requirement of concurrent jurisdiction and the

3

complexities that can arise therefrom, it could have been written more clearly. *See, e.g.*, Thurston County Superior Court Local Special Proceedings Rule (LSPR) 94.01(b) ("The Family and Juvenile Court shall have concurrent jurisdiction over any contemporaneous action under chapters 13.32A or 13.34 RCW or title 26 RCW, except chapter 26.33 RCW and 26.40 RCW."); LSPR 94.02(b) (addressing the "Scope of Concurrent Jurisdiction").

Nothing about LCR 94.04W in Benton and Franklin counties indicates an intent to alter the scope of a juvenile court's statutory jurisdiction or the complex circumstances of concurrent jurisdiction. Indeed, other portions of those local rules recognize that a specific order of concurrent jurisdiction is required despite the existence of LCR 94.04W. *See, e.g.*, Benton/Franklin Counties Superior Court Local Juvenile Court Rule 3.10 ("Upon the Court granting *concurrent jurisdiction* from the dependency court, a party to a dependency action may file the necessary pleadings for entry of an agreed final parenting plan in the dependency court, pursuant to RCW 13.34.155 and RCW 26.") (emphasis added).

Because the juvenile court never conferred concurrent jurisdiction on any other division of the superior court to consider the Bangards' petition either by way of court order or local rule, the family court judge assigned to the Bangards' third party custody petition lacked statutory authority over the case. Dismissal was therefore warranted.

4

No. 35160-2-III
*In re Custody of R.S.*

## CONCLUSION

The superior court's order of dismissal is affirmed.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

_____
Pennell, J.

WE CONCUR:

_____        _____
Lawrence-Berrey, C.J.                          Siddoway, J.

5