[Civ. No. 2568. Fifth Dist. Nov. 10, 1975.]

In re MARIA A., a Person Coming Under the Juvenile Court Law.
T. GLEN BROWN, as Chief Probation Officer, etc.,
Plaintiff and Respondent, v.
MARIA A., Defendant and Appellant.

## Counsel

Edgar I. Shane, under appointment by the Court of Appeal, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, Roger E. Venturi and Daniel T. Dauenhauer, Deputy Attorneys General, for Plaintiff and Respondent.

## Opinion

**THOMPSON, J.***—Defendant and appellant, Maria A., appeals from an order of the juvenile court directing that she serve 60 days in the Kern County jail.

We state the facts briefly. Maria A. at an early age displayed a proclivity for running away from home. Various orders of the juvenile court apparently did little to curb this tendency, the various orders of the court being persistently violated. On August 15, 1974, Maria A., while a ward of the court, was released to her parents upon stipulated conditions,

---

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.

one of them being that she remain in her parents' home. On September 3, 1974, Maria A. ran away from home. On December 27, 1974, she became 18 years of age.

On February 1, 1975, she was apprehended. At a referee's hearing she was ordered to serve 60 days in the Kern County jail, wardship to continue. At a de novo hearing before the juvenile judge a similar result was obtained. Maria A. has long since served the 60 days in custody.

The Attorney General urged that the issue is moot because Maria A. has served the 60 days in the county jail, no stay order having been sought. The argument is without merit and the issue is fully decided in *In re Dana J.,* 26 Cal.App.3d 768 at page 771 [103 Cal.Rptr. 21].

Equally insupportable is appellant's contention that the juvenile court had lost jurisdiction over her because she had attained the age of 18 years. Maria A. was a ward of the juvenile court at the time of her disobedience of the juvenile court's order and the provisions of section 602 of the Welfare and Institutions Code expressly convey jurisdiction upon the court in such a situation.

More fundamental is the issue whether the juvenile court was authorized to commit Maria A. to the county jail for 60 days. The briefs of counsel cite no authority upon the issue and admittedly there is a paucity of case law upon the subject.

We are convinced, however, that by the logic of the situation that the order of the court cannot be supported. If Maria A. had been under the age of 18 years she could not have been sent to the Youth Authority without a specific finding under the provisions of section 734 of the Welfare and Institutions Code that no suitable alternative exists. The case of *In re Aline D.* 14 Cal.3d 557, 565 [121 Cal.Rptr. 817, 536 P.2d 65], contains a full exposition as to the wisdom of using the Youth Authority only as a last resort. All that was said in *In re Aline D., supra,* concerning the commingling of unsuited minors with the more criminally oriented groups of delinquents committed to California Youth Authority is far more pertinent when wards of juvenile courts are sent to a county jail where such ward is exposed to every category of criminal.

We do not believe that the fact that Maria A. has reached 18 is a determining factor. She is still a ward of the juvenile court whose proceedings are civil in nature and the overriding concern is the

rehabilitation of the ward. Certainly it may not be contended that a county jail is a rehabilitative institution. Its dual functions are either custodial or punitive, and in Maria A.'s case only the punitive aspect is present.

We further note that Maria A. has not been charged with a statutory criminal offense, the offense charged being only that of disobeying an order of the court. It could not be urged that her incarceration is required for the public safety. She was sentenced to the county jail not as an adult criminal but as a ward of the juvenile court.

The order committing Maria A. to the county jail is annulled.

Brown (G. A.), P. J., and Gargano, J., concurred.