[Crim. No. 30450. Second Dist., Div. Two. Aug. 19, 1977.]

In re DENNIS J., a Person Coming Under the Juvenile Court Law.
KENNETH F. FARE, as Acting Chief Probation Officer, etc.,
Plaintiff and Respondent, v.
DENNIS J., Defendant and Appellant.

## Counsel

Wilbur F. Littlefield, Public Defender, Kenneth I. Clayman, Albert J. Menaster, Marilynn Van Dam, and Stanley Avram Goldman, Deputy Public Defenders, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, Shunji Asari and Mark Alan Hart, Deputy Attorneys General, for Plaintiff and Respondent.

## Opinion

**COMPTON, J.**—This is an appeal from an order of the Juvenile Court of Los Angeles County committing a 17-year-old minor to the California Youth Authority.

At issue is whether the juvenile court may retain jurisdiction over a minor who is also under the jurisdiction of the superior court as a result of an adult criminal prosecution. We believe the answer is in the negative.

In two petitions filed with the juvenile court under the provisions of section 602 of the Welfare and Institutions Code[1] on November 13 and November 18, 1975, it was alleged that Dennis had committed the offenses of possession of marijuana and burglary respectively. By orders issued on December 15 and 19, the petitions were sustained and Dennis was declared to be a ward of the juvenile court. On June 3, 1976, a third petition was filed pursuant to section 602, Welfare and Institutions Code, alleging that Dennis had committed burglary. That petition was also sustained.

Prior to the making of any dispositional orders in regard to the sustained petitions and, on August 18, 1976, yet another petition was filed pursuant to Welfare and Institutions Code section 602 alleging that Dennis had committed the crimes of rape, burglary and robbery.

In connection with the latter petition a hearing was held pursuant to Welfare and Institutions Code section 707 which provides in pertinent part: "In any case in which a minor is alleged to be a person described in Section 602 by reason of the violation, when he was 16 years of age or older, of any criminal statute or ordinance . . . the juvenile court may find that the minor is not a fit and proper subject to be dealt with under the juvenile court law if it concludes that the minor would not be amenable to the care, treatment and training program available through the facilities of the juvenile court, based upon an evaluation of the following criteria: (1) The degree of criminal sophistication exhibited by the minor. (2) Whether the minor can be rehabilitated prior to the expiration of the juvenile court's jurisdiction. (3) The minor's previous delinquent history. (4) Success of previous attempts by the juvenile court to rehabilitate the minor. (5) The circumstances and gravity of the offense alleged to have been committed by the minor. [¶] A determination that the minor is not a fit and proper subject to be dealt with under the juvenile court law may be based on any one or a combination of the factors set forth above, which shall be recited in the order of unfitness. . . ."

Following a hearing Dennis was found to be unfit for handling by the juvenile court and the district attorney then filed an information charging him with the crimes of rape, robbery and burglary. Dennis

---

[1] Welfare and Institutions Code section 602 provides: "Any person who is under the age of 18 years when he violates any law of this state or of the United States or any ordinance of any city or county of this state defining crime other than an ordinance establishing a curfew based solely on age, is within the jurisdiction of the juvenile court, which may adjudge such person to be a ward of the court."

pleaded guilty in the superior court to second degree robbery and the other charges were dismissed. Proceedings were suspended and he was placed on three years probation on condition that he serve one year in the county jail.

Thereafter the juvenile court disposed of the previously sustained petitions by committing Dennis to the Youth Authority. It is that order which is the subject of this appeal.

The net effect of the juvenile court order is that upon completion of the one-year county jail term as a condition of probation, Dennis will revert to the custody of the Youth Authority whose jurisdiction could extend beyond the three-year probationary period (Welf. & Inst. Code, §§ 1769, 1800), and during the first two years of that commitment he would be subject to the concurrent supervision of the Los Angeles County Probation Department and ultimately to the superior court that placed him on probation.

Presumptively the superior court, in structuring the probationary order following Dennis' conviction for robbery, had before it and took into account his entire background including the matters then pending in the juvenile court. The probation report in that matter reflects Dennis' entire record. Nothing in the record of these proceedings suggests that the judge, in placing Dennis on probation, contemplated an additional commitment by the juvenile court or that the sentence was lessened because of that possibility.

When the juvenile court refused to accept jurisdiction of Dennis on that latest petition, it also had before it the circumstances of the most current alleged offense as well as Dennis' entire history with the juvenile court. Dennis does not attack the order which declared him to be unfit for handling by the juvenile court and concedes that it was a proper exercise of discretion based on the criteria set forth in Welfare and Institutions Code section 707.

The juvenile court in specifying the reasons underlying its decision relied heavily on Dennis' prior delinquent behavior and the escalation in the seriousness of the offenses committed stating: "The minor's prior delinquent history shows continued violations of the law . . . and continued anti-social conduct in the face of pending petitions . . . previous attempts of the Juvenile Court to rehabilitate the minor have . . . been unsuccessful. . . . On the circumstances and the gravity of the

offense . . . the minor's past delinquent history . . . the court having considered . . . the advisability of having the minor go into the Juvenile Court system *and into the California Youth Authority*; . . . makes the finding that the minor is not a fit subject to be dealt with within the Juvenile Court." (Italics added.)

Thus, on September 3, 1976, the juvenile court determined that at that point in his life Dennis had ceased to be a person who could be rehabilitated and that the public could not be adequately protected (Welf. & Inst. Code, § 202) by any of the dispositional options available to that court, which options included commitment to the Youth Authority. (Welf. & Inst. Code, §§ 725, 731.) He then passed to the jurisdiction of the adult court.

Following the sentencing by the superior court on the conviction for robbery, the juvenile court made the order which is now under review and, in effect, found that Dennis was still amenable to rehabilitation for the offenses he previously had committed. That order appears to us to be totally inconsistent with the prior order finding him unfit. The minor is a single person and cannot be subdivided into two or more parts according to the offenses committed.

■ The commission of criminal offenses by a juvenile constitutes a behavior pattern which forms a basis for the juvenile court to exercise its jurisdiction over him and to attempt to achieve its objective of treatment and rehabilitation of the minor as well as protection of the public from recurrence of such behavior. (Welf. & Inst. Code, § 202; *In re Aline D.*, 14 Cal.3d 557 [121 Cal.Rptr. 816, 536 P.2d 65]; *In re Maria A.*, 52 Cal.App.3d 901 [125 Cal.Rptr. 382].)

In exercising its jurisdiction the juvenile court cannot treat and rehabilitate a part of the minor while leaving another part to the rehabilitation processes of the regular criminal justice system. Either the juvenile court or the adult criminal court must deal with the whole individual.

■ The concept and operation of the juvenile court law is unlike that of the adult court. The former, is designed to deal with a status, to wit; delinquency, manifested by criminal conduct on one or more occasions. The adult court on the other hand, though the objective of rehabilitation is present, deals with specific offenses with prescribed punishments and,

as a consequence, several of such courts may exercise concurrent jurisdiction and impose concurrent and consecutive sentences for multiple offenses. (Pen. Code, § 669.)

Counsel for the minor draws our attention to *People* v. *Superior Court (Syvinski)* 2 Cal.3d 527 [86 Cal.Rptr. 83, 468 P.2d 211], a case involving the issue of whether a person serving a prison term after a conviction could be committed to the California Rehabilitation Center under what is essentially a civil treatment program. The Supreme Court held that he could not be so committed.

That case differs from the present case because the court there relied heavily on a lack of statutory authority for the procedure involved. However, the court did make an observation from which we can analogize to the problem here presented.

At page 532 of *Syvinski,* the court stated: "Aside from the lack of statutory authority . . . there is a sound practical reason why such persons should not be eligible for commitment." Quoting from Belton, *Civil Commitment of Narcotics Addicts in California: A Case History of Statutory Construction,* 19 Hastings L.J. 603, 632-633; the court went on to state: " 'The concept of "fitness for commitment" [Welf. & Inst. Code, § 3051] flows from the nature of the program itself and the conditions under which it must operate to maximize its chances of success. It must retain its nonpenal character . . . .' ."

Similarly, the concept of "fitness" for handling by a juvenile court flows from the nature and objectives of the Juvenile Court Law which is essentially civil in nature and which also must retain a nonpenal character if it is to achieve its stated goal. While there appears to be no statutory bar to the order before us, that order, under the circumstances, appears to be penal in nature and the result of the juvenile court's dissatisfaction with the sentence imposed by the superior court in the adult proceeding.

Beyond that we can perceive of several potential conflicts that could arise in a case such as this where two separate entities exercise concurrent jurisdiction over the minor.

While the minor is in custody of the Youth Authority his conduct would be subject to review by juvenile court, the Youth Authority and

the superior court through the probation department. That conduct might, in the opinion of the superior court, constitute a violation of probation which could lead to removal from the Youth Authority over its objections. On the other hand, the Youth Authority might decide to release the minor under conditions unacceptable to the superior court. Or, finally, the superior court might conclude that the place of confinement or any continued confinement was interfering with the rehabilitative objectives of its probationary order, contrary to the beliefs of the Youth Authority or the juvenile court.

While we have no doubt of the ability of the superior court, the juvenile court and the Youth Authority to amicably resolve such conflicts in most cases, sound policy dictates that one or the other should have the prime responsibility for the individual. The exercise of concurrent jurisdiction by those three entities can only serve to undermine the effectiveness of each, especially the juvenile court and adversely affect the rehabilitation of the minor.

■ Since here the juvenile court, in the exercise of its discretion, determined that Dennis was not a proper subject for any of its programs, including Youth Authority commitment, and since that determination was made in the light of his entire background, it was error for it to retain jurisdiction over matters which were part of that background in attempting to augment the actions of the adult court.

■ Juvenile court proceedings are designed for the rehabilitation of minors and not punishment (Welf. & Inst. Code, § 203; *In re Aline D., supra,* 14 Cal.3d 557), and it is inconsistent with that concept to have other departments of the court acting on cases of minors within the jurisdiction of the juvenile court. (*People* v. *Sanchez,* 21 Cal.2d 466 [132 P.2d 810]; *In re Shannon W.,* 69 Cal.App.3d 956 [138 Cal.Rptr. 432].) When the juvenile court determines that wardship is no longer necessary it should terminate its jurisdiction. (*In re Syson,* 184 Cal.App.2d 111 [7 Cal.Rptr. 298].)

■ When a juvenile court determines that a minor is not a fit subject for handling under the juvenile court law, it should not attempt to exercise or retain jurisdiction over the juvenile on matters then pending in the juvenile court, especially where the pending matters were part of the basis upon which the determination of unfitness was made.

The order committing the minor to the Youth Authority is vacated and the juvenile court is directed to enter an order terminating its jurisdiction.

Fleming, Acting P. J., and Beach, J., concurred.

A petition for a rehearing was denied September 8, 1977, and respondent's petition for a hearing by the Supreme Court was denied October 13, 1977.