[Civ. No. 51620. Second Dist., Div. Three. Sept. 30, 1977.]

DARYL K., a Minor, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY,
Respondent;
THE PEOPLE, Real Party in Interest.

[Civ. No. 51716. Second Dist., Div. Three. Sept. 30, 1977.]

KENNETH P., a Minor, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY,
Respondent;
THE PEOPLE, Real Party in Interest.

## COUNSEL

Wilbur F. Littlefield, Public Defender, Harold E. Shabo, Kenneth I. Clayman, Rosemarie Oda, Ralph Rosato, Melvin Higashi and Albert J. Menaster, Deputy Public Defenders, for Petitioners.

John H. Larson, County Counsel, and John P. Farrell, Deputy County Counsel, for Respondent.

No appearance for Real Party in Interest.

**OPINION**

**COBEY, J.**—We have consolidated the above entitled cases for purposes of oral argument and decision. In both cases we have issued in response to petitions filed by the Los Angeles County Public Defender alternative writs of mandate directing the respondent Juvenile Court of the County of Los Angeles to vacate its orders detaining the petitioning minors (Daryl K. and Kenneth P.) in county jail during the pendency of adult court proceedings against them and to enter instead an order detaining them in juvenile hall or to show cause before us why we should not mandamus it to do so. Respondent court has filed a return and answer to our alternative writs of mandate.[1]

■ The issue posed by these proceedings is in large part a question of statutory construction. For many years the Welfare and Institutions Code has contained a two-sentence section, now numbered 207 and formerly numbered 507 and 731, reading currently as follows: "No court, judge, referee, or peace officer shall knowingly detain in any jail or lockup any person under the age of 18 years, unless a judge of the juvenile court shall determine that there are no other proper and adequate facilities for the care and detention of such person, or unless such person has been transferred by the juvenile court to another court for proceedings not under the juvenile court law and has been charged with or convicted of a felony. If any person under the age of 18 years is transferred by the juvenile court to another court and is charged with or convicted of a felony as herein provided and is not released pending hearing, such person may be committed to the care and custody of a sheriff, constable, or other peace officer who shall keep such person in the juvenile hall or in such other suitable place as such latter court may direct, provided that no such person shall be detained in or committed to any hospital except for medical or other remedial care and treatment or observation."

In 1975 the Legislature added (by Stats. 1975, ch. 1266, § 5) section 707.1 to the Welfare and Institutions Code. This section reads: "If the minor is declared not a fit and proper subject to be dealt with under the juvenile court law, the district attorney or other appropriate prosecuting officer shall acquire the authority to file an accusatory pleading against

---

[1]The Los Angeles County Public Defender has also filed in the Daryl K. case a supplemental petition seeking an order for immediate interim detention of Daryl K. in juvenile hall. This petition is denied; our writs were in the alternative.

the minor in a court of criminal jurisdiction. The case shall proceed from that point according to the laws applicable to a criminal case, provided, that unless the juvenile court specifically orders the individual minor delivered to the custody of the sheriff upon a finding that the safety of the public or of the inmates of the juvenile hall cannot be otherwise protected, the minor, if detained, shall remain in the juvenile hall pending final disposition by the criminal court. If a prosecution has been commenced in another court but has been suspended while juvenile court proceedings are being held, it shall be ordered that the proceedings upon such prosecution resume."

Both petitioning minors have been found pursuant to Welfare and Institutions Code section 707 not to be fit and proper subjects to be dealt with under the Juvenile Court Law. The orders of respondent juvenile court that they challenge which detain them in county jail were made under the first sentence rather than the second sentence of section 207.[2] In fact in the Kenneth P. case respondent juvenile court expressly found, presumably under the first sentence of section 207, that there are no proper and adequate facilities for his care and detention other than the county jail. We assume for the purpose of deciding the Daryl K. case that an identical finding may be implied in that case. These findings, however, apparently rest entirely upon a statement by respondent juvenile court that there are problems in transporting minors detained in juvenile hall for their appearances in adult court. Respondent court in its answer to our alternative writs also refers to the lack of accessible bail bond facilities for those detained in juvenile hall.

It can readily be seen from the foregoing that there is no evidentiary support at all for these findings. It seems clear to us that under section 207 a person under the age of 18 years may not be detained in county jail unless the juvenile court has expressly found that there are no other proper and adequate facilities for the care and detention of that person and of course this finding must be supported by substantial evidence.[3]

---

[2]These orders had to be so made since the order under the second sentence must be made by a court other than the juvenile court.

[3]The etiology of section 207 is interesting. The Legislature enacted the original forerunner of this statute in 1915 as a part of the original Juvenile Court Law. Then the prohibition against placing any person under the age of *16* years in any jail or prison was an unqualified one. (See Stats. 1915, ch. 631, § 14, p. 1236.) In 1929 this statute was specifically amended to cover for the first time the situation of one against whom proceedings had been transferred from the juvenile court. It did not change the flat prohibition against detention in a jail or prison however. (See Stats. 1929, ch. 645, § 4, p. 1067.) The codification of this statute in 1937 into section 731 of the Welfare and

Moreover, the previously quoted section 707.1 added in 1975 (Stats. 1975, ch. 1266, § 5, p. 3325) provides that before a juvenile court may order a minor in the situation of petitioners to be transferred from juvenile hall to county jail, it must first find that the safety of the public or the inmates at juvenile hall cannot otherwise be protected. No such finding was made in either of these cases. Consequently, the challenged orders may not be upheld as having been made pursuant to section 707.1.

Notwithstanding the contentions of the parties to the contrary, we perceive no basic conflict between sections 207 and 707.1 of the Welfare and Institutions Code. In our view each provides an independent ground for transferring a minor from juvenile hall to county jail. We do think though, that the Legislature might consider, in the interest of uniformity and consistency, an amendment to section 207 placing the power of transfer specified in the second sentence thereof in the juvenile court rather than the adult court.[4]

### DISPOSITION

The peremptory writ of mandate is granted in both cases.

Ford, P. J., and Potter, J., concurred.

---

Institutions Code made no substantive change. (See Stats. 1937, ch. 369, § 731, p. 1036.) In 1945 however when the coverage of the statute was extended to persons under the age of 18 years, the absolute prohibition disappeared. (See Stats. 1945; ch. 983, § 3, p. 1882; 6 Ops.Cal.Atty.Gen. 253 et seq. (1945).) In 1961 when the Juvenile Court Law was revised the statute was put into its present form. (See Stats. 1961, ch. 1616, § 2, p. 3461.) The statute was renumbered last year. (See Stats. 1976, ch. 1068, § 1.5, No. 5 Deering's Adv. Legis. Service, p. 729.)

[4]Respondent juvenile court has informally raised the question of its power to order a change in the place of detention of the minor once it has dismissed the petition upon which its jurisdiction rests upon the initiation of adult criminal proceedings against the minor. We would think that the preferable practice would be for respondent juvenile court to withhold dismissal of the juvenile proceeding until the adult proceeding has been completed. (But see *In re Dennis J.,* 72 Cal.App.3d 755 [140 Cal.Rptr. 463].)