[Crim. No. 33009. Second Dist., Div. Five. Feb. 27, 1979.]

In re DONALD B., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
DONALD B., Defendant and Appellant.

COUNSEL

Jack K. Livingston, under appointment by the Court of Appeal, for Defendant and Appellant.

Evelle J. Younger and George Deukmejian, Attorneys General, Jack R. Winkler, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, Lawrence P. Scherb II and Ronald N. Ito, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**STEPHENS, Acting P. J.**—Appellant Donald B. appeals from a commitment by the juvenile court, for offenses committed while he was a juvenile, imposed upon him after he was sentenced by the superior court for a crime committed by him as an adult. Both sentences imposed California Youth Authority confinement. He attacks the commitment imposed by the juvenile court on the basis that it lacked jurisdiction under *In re Dennis J.* (1977) 72 Cal.App.3d 755 [140 Cal.Rptr. 463].

We recently had the opportunity to address a similar issue in *In re Larry T.* (1978) 77 Cal.App.3d 969 [144 Cal.Rptr. 43]. Because of the factual similarities between this case and *Dennis J.,* we reject appellant's argument that the juvenile court was without jurisdiction to sentence appellant and affirm.

Donald has a long history of juvenile court contact. The four most recent petitions alleged that he came within the provisions of section 602 of the Welfare and Institutions Code for offenses committed from October 7, 1977, to December 5, 1977. One of the four petitions was dismissed as duplicative of the December 5th petition and one was dismissed in the interests of justice. Donald was found to be a person within the provisions of section 602[1] based solely on the petitions dated October 7, 1977 (sustained Nov. 7, 1977) and December 5, 1977 (sustained Jan. 20, 1978). Disposition was set for March 3, 1978. In the meantime, however, appellant was arrested, convicted by plea of guilty, and sentenced as an adult on February 24, 1978, for a crime committed after appellant had reached his 18th birthday (Nov. 14, 1977). He was sentenced to the California Youth Authority by the superior court judge. On March 3, Commissioner Robert Fletcher committed him to the California Youth Authority from juvenile court for a term not to exceed three years.

Since both the superior court and the juvenile court sentenced the appellant to the California Youth Authority, we have no possibility of the potential conflict disapproved in *Dennis J., supra,* and recognized in *Larry T., supra.* ■ However, appellant attacks the actual power of the juvenile court to exercise its jurisdiction once he came within the jurisdiction of the superior court by virtue of his committing a crime as an adult. Appellant argues that juvenile court jurisdiction is terminated once superior court jurisdiction is invoked.

Initially, we point out that this case has two facts in common with *Larry T.* and in contrast with *Dennis J.* Neither Larry nor Donald was found unfit to be tried as a juvenile as was Dennis. Further, the juvenile

[1]Section 602 of the Welfare and Institutions Code reads as follows: "Any person who is under the age of 18 years when he violates any law of this state or of the United States or any ordinance of any city or county of this state defining crime other than an ordinance *establishing a curfew based solely on age, is within the jurisdiction of the juvenile court,* which may adjudge such person to be a ward of the court."

court in *Dennis J.* was found by the appellate court to have sentenced Dennis out of its "dissatisfaction with the sentence imposed by the superior court in the adult proceeding." (*In re Dennis J., supra,* 72 Cal.App.3d 755, 761.) We found in *Larry T.* that the record revealed nothing of the kind in that case and we find here likewise. Rather, in this case, the commissioner in the juvenile court recognized the *reductio ad absurdum* spelled out by this court in *Larry T.* He refused to allow the commission of an adult crime by one just having reached 18 years of age, who has as yet unsentenced offenses as a juvenile, to use the adult crime as a means by which to entirely escape punishment for the juvenile offenses. Commissioner Fletcher expressed his views as follows:

". . . If he is going to go to the adult court after he commits a crime in juvenile court, cop a plea, gets a sentence there, that may be. He is also entitled to get what he deserves in this court. . . .

". . . . . . . . . . . . . . . . . . . .

". . . the Dennis J. case didn't take a lot into consideration. That was a case where the juvenile court didn't think that the adult court had punished severely enough. They deliberately called the minor back and punished him. [¶] I have done everything that I can do to rush these cases through. While I was rushing them through, he incurred a case as an adult, went out, copped a plea real fast, gets a sentence to the California Youth Authority. . . .

". . . . . . . . . . . . . . . . . . .

"But that does not allow him now to have a free ride on these offenses committed. The public is entitled to protection. He is entitled to be sentenced. The People are entitled to have this kid out of their hair for a while."

It is clear from the foregoing that the commissioner was not dissatisfied with the sentence of the superior court. He recognized that that sentence was solely for the adult crime, but did not think that the commission of an adult crime while juvenile offenses remain unsentenced serves to strip the juvenile court of jurisdiction to sentence for the juvenile offenses. We agree.

Interestingly, appellant was given an opportunity, when the commissioner was first apprised of the pending adult proceeding, to have his juvenile offenses tried with the adult offense in superior court and avoid being subjected to the concurrent jurisdiction of both courts, the thing he finds so abhorrent now. He declined, however, and clarified his position by saying that what he was actually requesting was that juvenile court jurisdiction be terminated and the cases pending before that court be dismissed. In denying appellant's motion, Commissioner Fletcher stated succinctly, "No way."

The judgment is affirmed.

Ashby, J., and Hastings, J., concurred.