[Crim. No. 37171. Second Dist., Div. Four. May 11, 1981.]

In re DARREN W., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
DARREN W., Defendant and Appellant.

COUNSEL

Quin Denvir, State Public Defender, under appointment by the Court of Appeal, and Patricia L. Reber, Deputy State Public Defender, for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, Howard J. Schwab and Beverly K. Falk, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**WOODS, J.**—Darren W., a minor, appeals from the order continuing him as a ward of the juvenile court (Welf. & Inst. Code, § 602) and committing him to the California Youth Authority after he was found to have committed a robbery (Pen. Code, § 211) and an aggravated assault (Pen. Code, § 245, subd. (a)) during which he used a firearm

within the meaning of Penal Code section 12022.5. He contends: "I. Appellant was detained in a jail facility and held in custody for more than nine hours in violation of [sections 207 and 626 of] the Welfare and Institutions Code; his confession was therefore erroneously admitted into evidence. II. When judged by the totality of the circumstances, appellant's Miranda waiver was invalid as it was not knowing and intelligent; the confession thus obtained was erroneously admitted in violation of the privilege against self-incrimination and the right to counsel."

Uncontroverted evidence established that sometime after appellant's arrest during the early morning hours of September 12, 1979, he was placed in "lock-up" at the Lennox Sheriff's Station.[1] Between 10 and 10:30 that same morning, Deputy Ronald Hayden advised appellant of his constitutional rights. (*Miranda* v. *Arizona* (1966) 384 U.S. 436 [16 L.Ed.2d 694, 86 S.Ct. 1602, 10 A.L.R.3d 974].) Appellant, who was 17 years old at the time and did not "appear to be under the influence of anything," told the officer he understood each of the enumerated rights and wanted to talk about the case. He further indicated he did not need a lawyer and made no request to have either his parents or probation officer present. The deputy subsequently interviewed appellant in the detective bureau room with three other officers present.

■ We reject appellant's contentions. Unlike the minor in *Daryl K.* v. *Superior Court* (1977) 73 Cal.App.3d 813 [141 Cal.Rptr. 81],[2] appellant was not "detained" as that term is used in Welfare and Institutions Code section 207, subdivision (a), but was merely restrained under temporary custody as provided by section 625 of that code. Moreover, in the absence of any evidence that appellant was denied a fair trial or otherwise prejudiced as a result of such custody, even if he had been held at the police station longer than contemplated by subdivision (c) of Welfare and Institutions Code section 626, such fact would not be determinative. As appellant himself concedes, California has never adopted the *McNabb-Mallory*[3] rule that any confession obtained during an illegal detention is ipso facto inadmissible. (*In re*

---

[1]There was no evidence as to the exact time appellant was transported to the Lennox station, although a search for shell casings and the rifle he had used was conducted prior thereto. He had been arrested between 1:30 and 4 a.m.

[2]Daryl K.'s custody was of semipermanent duration in that he had been detained in county jail during the pendency of adult proceedings against him.

[3]*McNabb* v. *United States* (1943) 318 U.S. 332 [87 L.Ed. 819, 63 S.Ct. 608]; *Mallory* v. *United States* (1957) 354 U.S. 449 [1 L.Ed.2d 1479, 77 S.Ct. 1356].)

*Michael E.* (1980) 112 Cal.App.3d 74, 79 [169 Cal.Rptr. 62].) Our independent review of the uncontradicted facts surrounding appellant's temporary custody and questioning at the Lennox Sheriff's Station convinces us the juvenile court properly found his statements to have been voluntarily made. (*People* v. *Jimenez* (1978) 21 Cal.3d 595, 609 [147 Cal.Rptr. 172, 580 P.2d 672].)

The order of wardship is affirmed.

Files, P. J., and Kingsley, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied July 28, 1981. Bird, C. J., was of the opinion that the petition should be granted.