[Civ. No. 21027. Third Dist. Mar. 22, 1982.]

THE PEOPLE, Petitioner, v.
THE SUPERIOR COURT OF SACRAMENTO COUNTY,
Respondent;
LYNDON FITZGERALD WOODFIN, Real Party in Interest.

COUNSEL

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Charles P. Just and Shirley A. Nelson, Deputy Attorneys General, for Petitioner.

No appearance for Respondent.

Fern M. Laethem for Real Party in Interest.

OPINION

REGAN, J.—The People petition this court for a peremptory writ of mandate directing respondent superior court to vacate its findings that real party in interest was to be dealt with in the juvenile court on various felony charges. We shall grant the petition and shall order real party in interest to be tried as an adult.

*Facts*

The following procedural facts constitute the corpus of this case:

1. On January 23, 1981, a petition was filed in the Sacramento County Superior Court, sitting as a juvenile court, alleging that real party in interest, Lyndon Fitzgerald Woodfin, age 16, who was already a ward of the court, came within the provisions of Welfare and Institutions Code section 602 in that he had committed the following Penal Code offenses: in counts I, II, III, and V, robbery in violation of section 211 and an armed allegation within the meaning of section 12022, subdivision (a); in count IV, burglary in violation of section 459 and an armed allegation within the meaning of section 12022, subdivision (a); and in count VI, burglary in violation of section 459 and a use allegation within the meaning of section 12022, subdivision (b).

2. On February 17, 1981, another petition was filed, under Welfare and Institutions Code section 707 charging real party with the following Penal Code section violations: in count I, robbery in violation of section 211 and a use allegation within the meaning of section 12022.5; and, in count II, burglary in violation of section 459 and a use allegation within the meaning of section 12022.5.

3. On February 18, 1981, a fitness hearing pursuant to Welfare and Institutions Code section 707 was held and, despite the presumption of unfitness and findings by the court of past failures at rehabilitation, real party was found to be a fit and proper subject to be dealt with in the juvenile court. At the same hearing, counts V and VI of the January 23, 1981, petition were dismissed on motion of the People.

4. On March 19, 1981, a third petition was filed, charging real party with the following Penal Code violations: in count I, burglary in violation of section 459, a use allegation within the meaning of section 12022, subdivision (b), and an armed allegation, within the meaning of section 12022, subdivision (a); in counts II and III, robbery in violation of section 211, a use allegation within the meaning of section 12022, subdivision (b), and an armed allegation within the meaning of section 12022, subdivision (a); in count IV, assault with a deadly weapon and by means of force likely to produce great bodily injury in violation of section 245, subdivision (a); and in count V, rape in violation of section 261, subdivisions (2) and (3).

5. On April 17, 1981, a second fitness hearing was held and, again, real party was found to be a fit and proper subject to be dealt with in the juvenile court.

6. On May 1, 1981, a fourth petition was filed, charging real party with 16 counts of various Penal Code section violations. Counts I through V were as follows: in counts I and II, robbery in violation of section 211, a use allegation within the meaning of section 12022, subdivision (b), and an armed allegation within the meaning of section 12022, subdivision (a); in count III, burglary in violation of section 459, a use allegation within the meaning of section 12022, subdivision (b), and an armed allegation within the meaning of section 12022, subdivision (a); in count IV, assault with a deadly weapon and with force likely to produce great bodily injury in violation of Penal Code section 245, subdivision (a); and, in count V, forcible oral copulation in violation of section 288a, subdivision (c), and a use allegation within the meaning of section 12022.3. Counts VI through XVI essentially incorporated the petitions of January 23, February 17, and March 19, 1981.

7. On May 22, 1981, a third fitness hearing pursuant to Welfare and Institutions Code section 707 was held. By stipulation of the parties, this hearing was held as to counts I through V of the May 1, 1981, peti-

tion only. As to those counts only, respondent court found real party unfit to be dealt with under the Juvenile Court Law.

8. On May 27, 1981, further proceedings were stayed while defense counsel petitioned for a writ of mandate on the propriety of holding multiple fitness hearings. That petition was denied by this court on June 25, 1981 (3 Civ. 20780), and a hearing on the matter was denied by the California Supreme Court on July 29, 1981.

9. On August 26, 1981, pursuant to Welfare and Institutions Code section 775, a motion to reconsider and modify the findings of fitness on February 18 and April 17, 1981, was heard and denied.

10. On August 28, 1981, the People asked respondent court for a stay of the proceedings in order for the People to consider filing a petition for writ of mandate challenging the trial court's refusal to modify its previous findings of fitness. That stay was granted until September 3, 1981, and on September 3, 1981, we granted a further stay, which was renewed on September 17, 1981, when we issued our alternative writ of mandate.

## Contention

Petitioner contends the respondent court acted erroneously when it refused to modify, pursuant to Welfare and Institutions Code section 775,[1] its findings of fitness at the February 18 and April 17, 1981, fitness hearings, once real party was declared unfit for treatment under the Juvenile Court Law at the hearing of May 22, 1981. Petitioner argues that this refusal of respondent court to modify its previous findings of fitness, once it ultimately found real party unfit for treatment under the juvenile court law, "constituted an act in excess of the court's authority."

## Discussion

Before discussing the substantive validity of the acts of the respondent court, we consider real party's procedural claim that mandamus is not an allowed remedy since petitioner is in reality seek-

---

[1]Welfare and Institutions Code section 775 reads as follows: "Any order made by the [juvenile] court in the case of any person subject to its jurisdiction may at any time be changed, modified, or set aside, as the judge deems meet and proper, subject to such procedural requirements as are imposed by this article."

ing to review the finding of fitness and it is too late because a right to review such a finding exists under California Rules of Court, rule 1348(k), which provides for an extraordinary writ for that purpose to be filed within 15 days. This rule is inapplicable here since it expressly relates only to an order declaring a minor *unfit* for juvenile court proceedings; here, just the opposite occurred. (See *In re Brekke* (1965) 233 Cal.App.2d 196, 197-199 [43 Cal.Rptr. 553]; *Richerson v. Superior Court* (1968) 264 Cal.App.2d 729, 731-732 [70 Cal.Rptr. 350].) Petitioner has no right of appeal from the orders declaring the minor fit for juvenile court treatment; nor is mandate available for review of ordinary judicial error (such as abuse of discretion). (See *People v. Superior Court (James B.)* (1981) 122 Cal.App.3d 263, 267-268 [175 Cal.Rptr. 733]; Welf. & Inst. Code, § 800.) However, since the petition seeks relief from an alleged unlawful attempt to *retain jurisdiction* by a juvenile court, we find the asserted error not an "ordinary judicial error" and thus one which is amenable to the extraordinary writ procedure. But under the circumstances of this case it is our view that prohibition is the appropriate remedy. (See *Babb v. Superior Court* (1971) 3 Cal.3d 841, 850-851 [92 Cal.Rptr. 179, 479 P.2d 379].)

Turning to substance, petitioner is correct in contending the case of *In re Dennis J.* (1977) 72 Cal.App.3d 755 [140 Cal.Rptr. 463], requires that once a juvenile court determines a minor is not amenable to treatment under the juvenile court system as to some crimes, he cannot be held under the jurisdiction of the juvenile court for treatment as to other crimes. The court stated (at p. 760): "In exercising its jurisdiction the juvenile court cannot treat and rehabilitate a part of the minor while leaving another part to the rehabilitation processes of the regular criminal justice system. Either the juvenile court or the adult criminal court must deal with the whole individual." We agree with this rationale and find it applicable to the case now before us.[2] In fact, this case shows a more apt fact pattern for application of the rule than did *In re Dennis J., supra,* where the crimes were of varying types, from marijuana possession to burglary, rape and robbery and were not apparently a part of a continuous series of criminal acts. Here, the various allegations all arose from a crime "spree," when real party and two others terrorized a residential area of Sacramento (Oak Park) between January 1 and January 10, 1981, by forcing themselves into houses after ringing the doorbells, and committing robberies, assaults and sexual crimes on the residents.

[2]Cf., *In re Larry T.* (1978) 77 Cal.App.3d 969, 971-973 [144 Cal.Rptr. 43]; *In re Donald B.* (1979) 89 Cal.App.3d 804, 806-808 [152 Cal.Rptr. 868].

We hold, in view of *Dennis J.*, that the respondent court acted in excess of its jurisdiction when it refused at petitioner's request under Welfare and Institutions Code section 775 to set aside its previous findings of "fitness" to be treated as a juvenile.

Let a peremptory writ of prohibition issue enjoining the superior court (sitting as a juvenile court) from taking further action on the petition other than to vacate its findings of fitness of February 18 and April 17, 1981, and to enter its order finding real party unfit for treatment as a juvenile as to all the allegations of the petition filed May 1, 1981, and referring him for prosecution under general law. The alternative writ of mandate is discharged; the stay order is dissolved contemporaneously with the finality of this decision.

Puglia, P. J., and Evans, J., concurred.