Opinion
NICHOLSON, J.
The Welfare and Institutions Code provides that a juvenile court may find a 14- or 15-year-old unfit to be dealt with under the juvenile court law if the district attorney alleges the minor committed one of the offenses (hereafter, a predicate offense) specified in Welfare and Institutions Code section 707, subdivision (d). (Further statutory references are to the Welfare and Institutions Code.) If the juvenile court makes such a finding, the district attorney may proceed against the minor in the superior court under the criminal law. (§ 707.1, subd. (a).) Here, we decide whether the superior court must return the case to the juvenile court if the minor is convicted of nonpredicate offenses but the predicate offense is dismissed.
After the district attorney alleged that 15-year-old Erik R. Self committed attempted murder (a predicate offense) and other offenses (nonpredicate offenses), the juvenile court found him unfit to be dealt with under the juvenile court law. In the superior court, the minor was tried and convicted by jury of first and second degree burglary and assault with a deadly weapon (nonpredicate offenses). The jury also found he used a deadly weapon and inflicted great bodily injury. However, the jury hung on the attempted murder charge, and the court dismissed that charge on the district attorney’s motion. After denying the minor’s motion to return the case to the juvenile court, the superior court sentenced him to state prison for 10 years.
We conclude the superior court was not required to return the case to the juvenile court after it dismissed the attempted murder charge. Accordingly, we affirm.
*61 Facts
On February 26, 1995, at approximately 12:30 a.m., the minor and a friend went to Denise Birchfield’s home to steal her car. The minor broke into Birchfield’s car, found her spare house key in a door pocket and entered the house to search for her car keys.
Birchfield was awakened by the sound of the key turning the lock on her front door. After seeing the entry light come on and hearing noises coming from the kitchen, she called out her son’s name, thinking he had come home late. As she got out of bed and walked down the hall, she saw a light go out. She approached the family room and observed someone in the comer holding an object. Before she could react or say anything, the minor stabbed her with a knife twice just below her right breast. She fell to the floor, and he stabbed her twice in the left leg and once in the left ear. One of the stabbings lacerated her liver, which was potentially life threatening.
Discussion
When a minor is alleged to be within the juvenile court’s jurisdiction by reason of the commission, at age 14 or 15, of a predicate offense, the court, on the prosecutor’s motion, obtains a report on the minor’s behavioral patterns and social history from the probation officer. (§ 707, subd. (d)(1).) The offenses which trigger this procedure include attempted murder, but not burglary or assault with a deadly weapon. (§ 707, subd. (d)(2).) After considering the probation officer’s report, the juvenile court may conclude the minor is unfit to be dealt with under the juvenile court law if it finds the minor would not be amenable to the care, treatment, and training program available through the juvenile court. The determination must be based upon an evaluation of (1) the minor’s criminal sophistication, (2) whether the minor can be rehabilitated before the juvenile court’s jurisdiction expires, (3) the minor’s previous delinquent history, (4) success of the juvenile court’s previous attempts to rehabilitate the minor, and (5) the circumstances and gravity of the alleged offense. (§ 707, subd. (d)(1).)
When a minor is declared unfit for the juvenile court, the district attorney may charge the minor in the superior court. The case then proceeds according to the laws applicable to a criminal case rather than a juvenile proceeding. (§ 707.1, subd. (a).)
The minor contends the trial court erred in denying his motion to return the matter to juvenile court for disposition because the predicate offense (attempted murder) for jurisdiction in the criminal court was not *62 proven. He argues: “Common sense dictates that when the ‘triggering’ predicate offense is dismissed after trial in criminal court, the prosecutor is essentially in the position of seeking to retry the minor for that matter without the predicate offense.” (Italics in original.)
The minor’s contention tenders an issue of statutory interpretation. “We turn first to the words of the statute themselves, recognizing that ‘they generally provide the most reliable indicator of legislative intent.’ . . . When the language of a statute is ‘clear and unambiguous’ and thus not reasonably susceptible of more than one meaning, ‘ “ ‘ “there is no need for construction, and courts should not indulge in it.” ”” . . . Here, the relevant statutory language is clear and unambiguous.” (People v. Gardeley (1996) 14 Cal.4th 605, 621 [14 Cal.4th 1282b, 59 Cal.Rptr.2d 356, 927 P.2d 713], citations omitted.)
Section 707, subdivision (d) and section 707.1, subdivision (a), summarized above, clearly and unambiguously provide that cases such as this one are fully and finally governed by criminal law. Once a minor has been found unfit to be dealt with under the juvenile court law (§ 707, subd. (d)), “[T]he case shall proceed from that point according to the laws applicable to a criminal case.” (§ 707.1, subd. (a).)
Seeking to avoid the clear meaning of the statutes, the minor relies on In re Richard C. (1994) 24 Cal.App.4th 966 [29 Cal.Rptr.2d 506]. It is of no help to him. In Richard C., the superior court jury deadlocked on all charges, and all were dismissed. (P. 968.) At that point, the “laws applicable to a criminal case” left nothing for the superior court to do. (§ 707.1, subd. (a).) Rather, the “dismissal of the charges terminate[d] the jurisdiction of the adult court and reestablishe[d] jurisdiction in the juvenile court to the same extent it existed before the finding of unfitness.” (In re Richard C., supra, 24 Cal.App.4th at p. 971.)
Here, in contrast, the dismissal of just one of four felony charges did not terminate the superior court’s jurisdiction to pronounce sentence on the remaining charges on which the minor was convicted.
Because section 707.1, subdivision (a), which mandates that the case proceed according to criminal law, is clear and unambiguous, we may not engage in statutory construction. (People v. Gardeley, supra, 14 Cal.4th at p. 621.) Section 707.1 does not provide for a return to the juvenile court when the minor is convicted, even though the predicate offense is dismissed. Whether it should do so is a question for the Legislature. (Cf. In re Heather B. (1992) 9 Cal.App.4th 535, 555 [11 Cal.Rptr.2d 891].)
*63 The minor argues section 707, subdivision (d), denies him due process because it allows the prosecutor “to bind the court by his charge, regardless of the ultimate adjudication of the charge’s truth.” We disagree.
A prosecutor’s decision to charge a minor with a predicate offense is necessary but not sufficient for a finding of unamenability. At a fitness hearing under section 707, the primary focus is the nature of the minor’s amenability to rehabilitation within the juvenile justice system and not the nature of the pending charges. (In re Shanea J. (1984) 150 Cal.App.3d 831, 838 [198 Cal.Rptr. 228].) The amenability determination must be based upon the factors specified in section 707. (See § 707, subd. (d)(1).) In making the amenability determination, the juvenile court is entitled to the investigation and analysis of the probation officer and any other relevant information offered by the parties. Despite the charge, the juvenile court has discretion to try the matter under the juvenile court law.
In this case, there is no contention the juvenile court did not properly consider the statutory criteria for determining the minor’s amenability to be dealt with under the juvenile court law. Nothing in the record remotely suggests the finding was based on the prosecutor’s mere allegation of attempted murder.
The minor further contends section 707, subdivision (d), denies him due process because it does not “allow for the undoing of the consequences of a factual error [through remand to the juvenile court] once that error is demonstrated at trial . . . .” We need not resolve this contention because neither the jury’s inability to agree unanimously on the attempted murder charge nor the prosecutor’s ensuing decision not to retry the charge demonstrated any factual error by the prosecutor or the juvenile court.
Disposition
The judgment is affirmed.
Scotland, Acting P. J., and Callahan, J., concurred.
A petition for a rehearing was denied May 12, 1998, and appellant’s petition for review by the Supreme Court was denied July 29, 1998.