Filed 12/15/25  P. v. Pugh CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>   Plaintiff and Respondent,<br><br>v.<br><br>CHARLES EDWARD PUGH,<br><br>   Defendant and Appellant. | 2d Crim. No. B340425<br>(Super. Ct. No. LA087599)<br>(Los Angeles County) |

Charles Pugh appeals from a postjudgment order denying his petition for writ of error *coram nobis*.  We affirm.

FACTUAL AND PROCEDURAL HISTORY

In July 2012, Pugh was 16 years old when he committed three counts of assault with a semiautomatic firearm (Pen. Code,[1] § 245, subd. (b); counts 1, 3, and 4), two counts of home invasion robbery (§ 211; counts 5 and 6), and one count of kidnapping to commit another crime (§ 209, subd. (b)(1); count 2).

---

[1] Further unspecified statutory references are to the Penal Code.

In 2015, the People filed a complaint in Los Angeles County Superior Court case number LA082002 charging Pugh with six counts. Following a preliminary hearing in June 2016, Pugh was arraigned on the information.

In November 2016, the Public Safety and Rehabilitation Act of 2016 (Proposition 57) became effective. Proposition 57 eliminated prosecutors' ability to directly file charges against minors in criminal court. Prosecutors had to secure the juvenile court's permission by way of a transfer hearing. (*B.M. v. Superior Court* (2019) 40 Cal.App.5th 742, 746.)

Here, the People filed a juvenile petition in case number PJ523304,[2] and Pugh was transferred to the juvenile court's jurisdiction. The People moved for a transfer hearing pursuant to Welfare and Institutions Code section 707. In July 2017, the juvenile court found Pugh would not be amenable to treatment under the juvenile court's jurisdiction (Welf. & Inst. Code, § 707, subd. (a)(3)). The matter was transferred to adult criminal court jurisdiction.

In 2018, case number LA082002 was dismissed because the People were unable to bring the case to trial within the statutory period. The People refiled the same charges in case number LA087599. In June 2019, Pugh pleaded no contest to all six counts. He also admitted the allegation as to counts 1 through 6 that a principal was armed with a semiautomatic firearm (§ 12022, subd. (a)(2)); as to counts 1 through 4 and 6, the offenses were committed for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)(C)); and as to count 5, that a principal personally and intentionally discharged a firearm causing great

---

[2] We note the trial court record contains two variations of the juvenile court case number, PJ52304 and PJ523304.

2

bodily injury or death (§ 12022.53, subd. (d)).  The court sentenced Pugh to 10 years plus life with possibility of parole (life with a minimum parole eligibility of seven years on count 2, a consecutive term of six years on count 5, consecutive two years each for counts 4 and 6, and concurrent six years each for counts 1 and 3).  The court dismissed all enhancements.

In April 2024, Pugh petitioned for writ of error *coram nobis* on the grounds that the filing of the felony complaint in the second case (case no. LA087599) was a direct filing in violation of Proposition 57 and the trial court lacked jurisdiction to accept the plea in criminal court without a transfer hearing in juvenile court.  The trial court denied the petition.

Pugh's appointed counsel filed a brief identifying no arguable issues on appeal and requesting that we follow the procedures outlined in *People v. Delgadillo* (2022) 14 Cal.5th 216, 232.  We notified Pugh of his right to submit any contentions or issues he wished us to consider.  Pugh filed a form petition for writ of habeas corpus.  We elected to treat his petition for writ of habeas corpus as supplemental briefing submitted in response to our *Delgadillo* notice.  As such, we are "required to evaluate the specific arguments presented in that brief and . . . issue a written opinion." (*Ibid.*)

Pugh contends the trial court erred in denying his petition for writ of error *coram nobis* because the direct filing of case number LA087599 violated Proposition 57 and his "due process rights."  We disagree.  There was no error in the People filing the second case in adult criminal court after the juvenile court found Pugh not amenable to treatment under the juvenile court's jurisdiction based on the same facts and circumstances.  As the trial court observed, "the fitness determination was not on . . .

3

either of the [criminal court] case numbers." The determination was made in the juvenile court in case number PJ523304 "arising from the facts and circumstances for which [Pugh] was ultimately convicted."

Pugh's reliance on *In re Richard C.* (1994) 24 Cal.App.4th 966 is misplaced. Richard C. was charged with three counts of rape and found unfit for treatment as a juvenile. (*Id.* at p. 968.) When Richard C. was tried on the rape charges in adult court, the jury deadlocked and the matter was dismissed. Shortly thereafter, the People filed a petition in the juvenile court on another matter. Richard C. argued that since he had been found unfit, the juvenile court could no longer exercise jurisdiction over him. The appellate court disagreed, concluding that "where a finding of unfitness is based on and assumes the truth of the charges against the minor, an acquittal or other dismissal of the charges terminates the jurisdiction of the adult court and reestablishes jurisdiction in the juvenile court to the same extent it existed before the finding of unfitness. Under such circumstances the prior finding of unfitness is no longer inconsistent with juvenile court jurisdiction." (*Id.* at p. 971.)

Unlike *Richard C.*, Pugh was found unfit for juvenile court treatment based on the same underlying charges for which he was convicted in the adult criminal case. This is not a situation where dismissal of the original criminal case terminated the criminal court's jurisdiction and reestablished the juvenile court's jurisdiction. The case here was refiled with the same charges. Pugh does not demonstrate the refiling of the case violated Proposition 57.

DISPOSITION

The order denying the petition for writ of error *coram nobis* is affirmed.

NOT TO BE PUBLISHED.

BALTODANO, J.

We concur:

YEGAN, Acting P. J.

CODY, J.

Alan K. Schneider, Judge

Superior Court County of Los Angeles

_____

Wayne C. Tobin, under appointment by the Court of
Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.